1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FLETCHER & LEE
Elizabeth Fletcher, Esq.
Nevada Bar No. 10082
448 Ridge Street
Reno, Nevada 89501
Telephone:  775.324.1011
Email: efletcher@fletcherlawgroup.com

GERBER LAW OFFICES, LLP
Zachary A. Gerber, Esq.
Nevada Bar No. 13128
491 4th Street
Elko, Nevada 89801
Telephone:  775.777.4357
Email: zag@gerberlaw.com

Attorneys for Defendant Buster Alley

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DEBRA YOUREN,<br><br>         Debtor. | Case No.: 22-50556-hlb<br><br>Chapter 7 Case |
| DUSTIN C. YOUREN; and CHRISTINA W. LOVATO, Chapter 7 Trustee,<br><br>         Plaintiffs,<br><br>v.<br><br>DEBRA K. YOUREN; BUSTER ALLEY; and AMERICAN AGCREDIT, FLCA, a Federally Chartered Farm Credit System Institution,<br><br>         Defendants. | Adv. Proc. No. 24-05014-hlb<br><br><br>**MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO REMAND**<br><br>Hearing Date: December 3, 2024<br>Hearing Time: 2:30 p.m.<br>Location: Remote; Telephonic |

Defendant BUSTER ALLEY, an individual ("<u>Alley</u>"), by and through his counsel Elizabeth Fletcher, Esq., Fletcher & Lee, and Zachary Gerber, Esq., Gerber Law Offices, LLP, hereby moves this Court for an order dismissing the <u>First Amended Complaint</u> ("<u>Complaint</u>") filed by Plaintiff Dustin C. Youren ("<u>Youren</u>") and Plaintiff Christina W. Lovato ("<u>Trustee</u>" and

together with Youren, the "Plaintiffs") or, in the alternative, remanding the removed Complaint to the Seventh Judicial District Court for the County of White Pine (the "District Court").  This Motion is filed pursuant to Fed. R. Bankr. P. 7012(b), Fed. R. Civ. P. 12(b)(6), 28 U.S.C. §1452(b) and Fed. R. Bankr. P. 9027(d) and is based on the following Memorandum of Points and Authorities, the attached exhibits, the pleadings and papers on file herein, of which Alley requests the Court take judicial notice pursuant to Fed. R. Evid. 201, and any oral argument the Court allows.

## I.    SUMMARY OF ARGUMENT

This adversary proceeding comes to this Court on a Notice of Removal filed by "nominal defendant" American AgCredit, from a Complaint filed in District Court by Plaintiff Dustin Youren ("Youren") to avoid an April 2018 transfer of property owned by the Debtor to Alley.  The property consists of a ranch with a residence and other buildings located in White Pine County, Nevada and in Juab County, Utah (the "Property").  In the First Amended Complaint ("Amended Complaint") filed on or about October 4, 2024, Youren has added Chapter 7 Bankruptcy Trustee Christina Lovato as a plaintiff (the "Trustee" and together with Youren, the "Plaintiffs").  The Amended Complaint is painfully thin on factual allegations.  But more words will not cure the weak allegations to support the one cause of action to avoid the transfer of the Property.  This is so because the Amended Complaint is dead on arrival: the transfer of the Property indisputably occurred in April 2018 and the statute of limitations under Nevada law had already expired by the date of the Chapter 7 Petition in this case.  For this reason, further amendment of the Amended Complaint is futile, and the Amended Complaint should be dismissed in its entirety forthwith.  In the alternative, the original Complaint should be remanded to the District Court.

## II.    STATEMENT OF FACTS

1.    On June 7, 2001, the District Court entered the Decree of Divorce in the matter entitled Debra K. Youren v. Dustin C. Youren, Case No. CV 0106089 filed in the Seventh Judicial District Court, White Pine County, Nevada (the "Divorce Case").  A true and correct copy of the Decree of Divorce is attached hereto as Exhibit A.

2.    On June 4, 2001, Debra K. Youren ("Debtor") and Youren filed their martial

settlement agreement in the Divorce Case.  A true and correct copy of the Agreement is attached hereto as <u>Exhibit B</u>.  The Agreement addresses the Property as follows:

> 12. Wife agrees that she shall not at any time sell, transfer, convey, or assign any interest in the Medicine Springs Ranch, including but not limited to, any of the real property, AUM's, and water rights, to any new husband in the event that Wife remarries. … The provisions of this Paragraph shall not in any way limit Wife's ability to sell the ranch, and use the proceeds therefrom, or otherwise, interfere with her sole operation and management of Medicine Springs Ranch.
>
> In the event that Wife ever sells Medicine Springs Ranch, Husband and Wife agree that Husband's equity therein shall be fixed at the sum of One Hundred Ten Thousand Dollars ($110,000.00).  Upon the sale of said ranch, Husband shall receive a lump sum payment only of One Hundred Ten Thousand Dollars ($110,000.00) for his interest in said ranch.

<u>Exhibit B</u>, pp. 6-7.  The parties further agreed:

> 16.  That each of the parties hereby, except as herein otherwise provided, releases to the other any and all claims, right, title or interest, either vested or contingent, in and to any property, whether real, personal or mixed, and any rights in any property belonging to or acquired by the other, whether now owned or hereafter acquired, and regardless of the manner of such acquisition; each party is to hold, use and enjoy his or her property, real and personal, to the same extent and with the same rights that each would hold the same if the martial relation had never existed between them; each agrees that the other may freely and unrestrictedly sell, encumber, lease or dispose of his or her own property in any lawful manner, whether by gift, lease, deed or last will and testament, and each is by this Agreement intended to be barred from any and all rights or claims whatsoever in and to any of the property, real or personal of the other.

<u>Id</u>., pp. 8-9.

3.    It is undisputed that Mr. Youren did not record the Decree of Divorce or the Property Settlement Agreement against the Property.

4.    On May 14, 2018, a Quitclaim Deed was recorded in Juab County, Utah as Document No. 00287504 (the "<u>Utah Deed</u>") whereby the Debtor transferred title of the Property located in Juab County, Utah to Alley.  A true and correct copy of the Utah Deed is attached hereto as <u>Exhibit C</u>.

3

5.    On June 21, 2018, a Quitclaim Deed was recorded in White Pine County, Nevada as Document No. 2018-379211 (the "Nevada Deed") whereby the Debtor transferred title of the Property located in White Pine County, Nevada to Alley.  A true and correct copy of the Nevada Deed is attached hereto as Exhibit D.

6.    On May 16, 2022, Youren filed the Motion to Enforce Martial Settlement Agreement in the Divorce Case, a true and correct copy is attached as Exhibit E.

7.    On October 19, 2022, the Debtor filed her voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code.  Case No. 22-50556-hlb, Docket No. 1.  In her Schedules, the Debtor correctly disclosed no ownership of the Property.  Id., p. 10.  Moreover, the Debtor correctly disclosed the Divorce Case in District Court.  Id., p. 37.

8.    On April 3, 2023, Youren filed a claim for $380,927.00 based on the martial settlement and other alleged agreements with the Debtor.  Claim 3.

9.    On January 17, 2024, the Debtor and United States Trustee filed the Written Waiver of Debtor-Defendant's Discharge Under 11 U.S.C. §727(a)(10) and Notice of Dismissal of Complaint Objecting to Discharge Under Federal Rule of Bankruptcy Procedure 7041, Incorporating Federal Rule of Civil Procedure 41 [11 U.S.C. §§727(a)(2), (3), (4), & (5)] in the adversary proceeding entitled United States Trustee Tracy Hope Davis v. Debra Youren, Adv. Proc. No. 23-05021-hlb, Docket No. 6.

10.    On January 22, 2024, the Court entered the Order Approving Written Waiver of Debtor-Defendant's Discharge Under 11 U.S.C. §727(a)(10) and Notice of Dismissal of Complaint Objecting to Discharge Under Federal Rule of Bankruptcy Procedure 7041, Incorporating Federal Rule of Civil Procedure 41 [11 U.S.C. §§727(a)(2), (3), (4), & (5)].  Adv. Proc. No. 23-0521-hlb, Docket No. 7.

11.    On July 9, 2024, the District Court entered the Findings of Fact, Conclusions of Law, and Judgment ("District Court Order") in the Divorce Case, a true and correct copy of which is attached hereto as Exhibit F.  The District Court found that the Debtor sold the Medicine Springs Ranch to Alley on April 28, 2018.  Exhibit F, p. 3, ¶4.

12.    On August 23, 2024, Youren filed the initial Complaint against the Debtor and

4

Alley in the District Court as Case No. CV2408070.  Docket No. 1, Exhibit 1.  The Complaint alleges, among other things, that the Debtor and Youren were divorced in 2001; pursuant to their marital settlement agreement, the Debtor was awarded the Property as her sole and separate property and further agreed to pay Youren $110,000.00 upon her sale of the Property; Youren executed a Quitclaim Deed transferring title of the Property to the Debtor; and the Debtor transferred her interest in the Property to Alley on April 2, 2018.  Youren further alleges two claims for relief: Fraudulent Transfer against the Debtor, Alley, and American AgCredit pursuant to NRS 112.140 et seq. and Declaratory Relief.  Youren alleges he is a third-party beneficiary of the sale of the Property.  Docket No. 1, Exhibit 1.

13.    On September 24, 2024, American AgCredit, FLCA filed the <u>Notice of Removal of Case and All Claims</u>.  Docket No. 1.

14.    On October 4, 2024, Youren and the Trustee filed the <u>First Amended Complaint</u> ("<u>Amended Complaint</u>").  Docket No. 6.  In the Amended Complaint, the Plaintiffs allege, among other things, the following:

    a.  On April 2, 2018, the Debtor executed a Quitclaim Deed to transfer her interest in the Property to Alley.  <u>Id</u>., ¶17;

    b.  Defendant Alley gave only Ten Dollars in consideration of the transfer of the Property.  <u>Id</u>., ¶19;

    c.  On May 16, 2022, Youren filed the Motion to Enforce the marital settlement agreement in the District Court alleging he was entitled to enforce Section 12 of the marital settlement agreement to recover $110,000 for the sale of the Property.  <u>Id</u>., ¶23;

    d.  On July 9, 2024, Youren obtained a judgment against the Debtor in District Court for the principal amount of $191,587.02.  <u>Id</u>., ¶27; and

    e.  Plaintiffs allege lack of reasonably equivalent value when the Debtor transferred the Property to Alley.  <u>Id</u>., ¶¶41, 45.

Footnote 2 of the Amended Complaint states:

    The United States Bankruptcy Appellate Panel for the Ninth Circuit

held that the statute of limitations for a fraudulent transfer action commences on the date a judgment is entered against a debtor. *See In re Momentum Development*, 649 B.R. 333 (B.A.P. 9th Cir. 2023), *affirmed in unpublished disposition by In re Momentum Development, LLC*, No. 23-60019 (9th Cir. May 10, 2024). The Judgment against the Debtor was obtained on July 9, 2024, in the Seventh Judicial District Court of the State of Nevada.

Id., p. 7.

## III.    LEGAL ARGUMENT

### 1.    The Amended Complaint Should Be Dismissed Because the Statute of Limitations on Fraudulent Transfer Had Expired Before the Petition Date

Pursuant to 11 U.S.C. §544(b)(1), "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title[.]" The issue is, thus, whether the April 2018 transfer of the Property is voidable under applicable law, which, in this case is Nevada state law. The answer is indisputably "no."

Nevada Revised Statutes Chapter 112 sets forth the Fraudulent Transfers (Official Act) of Nevada. Pertinent to this discussion is NRS 112.180, which sets forth two forms of fraudulent transfer. The first is codified in NRS 112.180(1)(a) and is based on actual intent to defraud; the second is found in NRS 112.180(1)(b) and is based on constructive fraud. The Amended Complaint appears to invoke both NRS 112.180(1)(a) and (1)(b).

Pursuant to NRS 112.200(1)(a), a transfer is made

> [w]ith respect to an asset that is real property other than a fixture, but including the interest of a seller or purchaser under a contract for the sale of the asset, when the transfer is so far perfected that a good faith purchaser of the asset from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee[.]

In turn, NRS 111.315 states:

> [e]very conveyance of real property, and every instrument of writing setting forth an agreement to convey any real property, or whereby any real property may be affected, proved, acknowledged and certified in the manner prescribed in this chapter, to operate as notice to third persons, shall be recorded in the office of the recorder of the county in which the real property is situated or to the extent

6

permitted by NRS 105.010 to 105.080, inclusive, in the Office of the Secretary of State, but shall be valid and binding between the parties thereto without such record.

<u>See also</u> NRS 111.325 ("Every conveyance of real property within this State hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real property, or any portion thereof, where his or her own conveyance shall be first duly recorded.").

The applicable statute of limitations for NRS 112.180(1)(a) and (1)(b) is found in NRS 112.230, which states:

> 1. A claim for relief with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought:
>
> (a) Under paragraph (a) of subsection 1 of NRS 112.180, within 4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant;
>
> (b) Under paragraph (b) of subsection 1 of NRS 112.180 or subsection 1 of NRS 112.190, within 4 years after the transfer was made or the obligation was incurred[.]

Applying this law to the allegations of the Amended Complaint leads inexorably to the conclusion that the Claim for Relief is barred by the statute of limitations.  The transfer of the Property occurred on April 28, 2018.  <u>Exhibit F</u>, p. 3, ¶4.  The transfer was "so far perfected that a good faith purchaser of the asset from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee[.]"  NRS 112.200(1)(a).  The deed for the transfer was recorded in White Pine County on June 21, 2018, in compliance with NRS 111.315.  <u>Exhibit D</u>.  The recordation of the deed constituted notice of the contents thereof.  NRS 111.315.  The recordation perfected Alley's title to the Property so that no subsequent purchaser could acquire an interest superior to his.  NRS 111.325 (confirming that only an unrecorded deed imparts rights to a subsequent good faith purchaser for value).

1    Furthermore, the Supreme Court of Nevada has held "that when a litigant seeks to enforce

2    a provision in a decree awarding him or her half of the equity in marital property, the statute of

3    limitations begins to accrue when there is evidence of indebtedness," and "the running of the

4    statute of limitations begins when a deed is delivered." <u>Davidson v. Davidson</u>, 132 Nev. 709, 717-

5    718, 382 P.3d 880, 885-886 (2016).  Here, the Plaintiffs admit in the First Amended Complaint

6    that the deed was recorded in 2018, and the District Court, likewise, conclusively ruled that the

7    ranch was transferred in 2018—more than four years prior to the commencement of this action.

8    By operation of this law, the statute of limitations in both NRS 112.230(1)(a) (applying to

9    actual fraudulent transfer, NRS 112.180(1)(a)) and NRS 112.230(1)(b) (applying to constructive

10    fraudulent transfer, NRS 112.180(1)(b)) had expired by the passage of more than four years since

11    the date of transfer on April 28, 2018 to the Petition Date on October 19, 2022.

12    **2.   <u>The Entry of the District Court Order Does Not Extend the Nevada Statute of</u>**
      **<u>Limitations</u>**

13

14    Plaintiffs attempt to circumvent the expiration of Nevada law by alleging that the entry of

15    the District Court Order granting the Motion to Enforce constitutes a new "judgment" that – *voila*

16    – resets the statute of limitations.  This Court does not need to decide whether the District Court

17    Order does constitute a new judgment.  This is so because Youren had a "claim" against the Debtor

18    on the Petition Date as defined by the Bankruptcy Code as "any right to payment, whether or not

19    such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matures, unmatured,

20    disputed, undisputed, legal, equitable, secured or unsecured[.]"  11 U.S.C. §101(5)(A).  Youren

21    similarly had a "claim" against the Debtor arising from the Divorce Decree and marital settlement

22    agreement as defined by NRS 112.150(5) as "a right to payment, whether or not the right is reduced

23    to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,

24    undisputed, legal, equitable, secured or unsecured."  Plaintiff filed a Proof of Claim in this case

25    based on the Divorce Decree and marital settlement agreement.  Claim 3.

26    Plaintiffs' unusual contention of resetting an expired statute of limitations is set forth in

27    footnote 2 of the Amended Complaint, stating:

28    The United States Bankruptcy Appellate Panel for the Ninth Circuit

8

held that the statute of limitations for a fraudulent transfer action commences on the date a judgment is entered against a debtor. *See In re Momentum Development*, 649 B.R. 333 (B.A.P. 9th Cir. 2023), *affirmed in unpublished disposition by In re Momentum Development, LLC*, No. 23-60019 (9th Cir. May 10, 2024). The Judgment against the Debtor was obtained on July 9, 2024, in the Seventh Judicial District Court of the State of Nevada.

Amended Complaint, p. 7.

At least two insurmountable problems exist with footnote 2. First, it ignores the Nevada statutes cited above, which precisely define "transfer" under Nevada law – and that definition does not include reference to a date of a judgment. NRS 112.200.

Second, the argument relies entirely on California law that is not the law in the state of Nevada. And third, the facts in these cases from California are simply not present here. We address these two arguments in turn below.

In Pyramid Ctr. Inc. v. Weil (In re Momentum Dev., LLC), 649 B.R. 333, 336 (9th Cir. BAP 2023), aff'd Pyramid Ctr., Inc. v. Weil (In re Momentum Dev., LLC), 2024 U.S. App. LEXIS 11422 (9th Cir. 2024), the debtor, Momentum Development, LLC, entered into a contract to drill a well on its property. Two years later in 2012, Momentum transferred the property to a related entity, Pyramid Center, Inc. for fifty-three cents. Id. In 2014, Momentum – although no longer the owner of the property – sued the drilling company for breach of contract. Momentum lost at trial in 2018 and was ordered to pay contractual prevailing party attorneys' fees to the drilling company, thus establishing its relationship as a debtor to the drilling company as its creditor. Several months later, Momentum filed its Chapter 7 bankruptcy case. Id. The Chapter 7 trustee sued to avoid the transfer of the property to Pyramid based on 11 U.S.C. §544(b) and the California Uniform Voidable Transactions Act. Id.

The Bankruptcy Court held that the action was not untimely because the obligation owed by Momentum was not incurred until the judgment was entered in 2018. Id. at 337. The Court applied California law and relied on Cortez v. Vogt, 52 Cal. App. 4th 917, 937, 60 Cal. Rprt. 2d 841 (1997). Momentum, 649 B.R. at 338-39. In Cortez, the California Court of Appeals considered whether the California statute of limitations for fraudulent conveyance ran from the

date of the transfer during litigation that establishes the creditor status by entry of a judgment.

Cortez, 52 Cal. App. 4th at 929-930.  The Court held

> In the context of the scheme of law [on California fraudulent conveyances], where an alleged fraudulent transfer occurs while an action seeking to establish the underlying liability is pending, and where a judgment establishing the liability later becomes final, we construe the four-year limitation period, i.e., the language, 'four years after the transfer was made or the obligation was incurred' to accommodate a tolling until the underlying liability becomes fixed by a final judgment.

Id. at 920.

Based on this law, which the Bankruptcy Appellate Panel was required to apply, the Panel held that the limitations period did not begin to run until the final judgment that established the debtor-creditor relationship against Momentum was entered.  Momentum, 649 B.R. at 340.  The Court also considered whether the holding of Cortez applied to a transfer that had been made before the litigation commenced, and again relied on California case law to rule that it did.  Id. Significantly, the Ninth Circuit affirmed the Bankruptcy Appellate Panel in following the California Court of Appeals decisions as the duty of federal courts to ascertain and apply existing state law, in that case, California law. Pyramid Ctr., Inc. v. Weil (In re Momentum Dev., LLC), 2024 U.S. App. LEXIS 11422, *2 (9th Cir. 2024).

Momentum does not apply to this case.  It relies on California case law.  That law is not the law in Nevada.  Following the Ninth Circuit's directive to apply the law of Nevada in this matter, that law is clear and unambiguous.  Youren had a claim against the Debtor as defined in NRS 112.150(5) from the 2001 Divorce Decree and marital settlement agreement.  Moreover, the "obligation was incurred" in 2001, as NRS 112.200(5) plainly provides:

> 5. An obligation is incurred:
>
> (a) If oral, when it becomes effective between the parties; or
>
> (b) If evidenced by a writing, when the writing executed by the obligor is delivered to or for the benefit of the obligee.

Furthermore, the Supreme Court of Nevada has determined that a divorce decree must be enforced "[l]ike any other claim 'upon a judgment or decree of any court of the United States, or

10

of [any court of] any state or territory within the United States. . . .'" <u>Davidson</u>, 132 Nev. at 709. In <u>Davidson</u>, the Court found that the statute of limitations to enforce a divorce decree was applied just as the statute of limitations is applied to any other judgment. <u>Id</u>. Thus, a divorce decree is a judgment under Nevada law and an order granting a motion to enforce the decree does not "reset" the divorce decree's statute of limitations period.

Here, Debtor's written obligation to Youren was incurred in the marital settlement agreement as adopted by the Divorce Decree in 2001, wherein the Debtor agreed to pay Youren $110,000 for his equity in the Property when she sold the Property.  This claim existed before the 2018 transfer of the Property.  Youren's own conduct confirmed the existence of this claim as defined by the Bankruptcy Code – similarly to the definition of a claim under Nevada law – by actually filing a Proof of Claim in this bankruptcy case based on the Divorce Decree and marital settlement agreement.  The existence of the claim pre-dated the entry of the District Court Order. Nevada law is equally plain and unambiguous that both the transfer of the Property and the obligation to Youren were incurred more than four years before the Debtor filed her Petition.

Even if this Court were to consider <u>Momentum</u> or <u>Cortez</u> as instructive, the facts outlined above distinguish this case at hand from that law.  Significantly, unlike <u>Cortez</u> and <u>Momentum</u>, the existence of a debtor-creditor relationship between the Debtor and Youren was established in 2001 in the Divorce Decree and marital settlement agreement. <u>See</u> <u>Davidson</u>, 132 Nev. at 718. That relationship was not established during the litigation of the Motion to Enforce Divorce Decree, in which Youren sought to enforce the existing obligation of the Debtor to pay him $110,000 as his portion of the equity in the Property.  The District Court Order did not reset Nevada's statute of limitations to avoid the transfer of the Property.

    **3.**  <u>**Nevada Law Prohibits Plaintiffs from Collaterally Attacking the Divorce Decree and the MSA.**</u>

A decree of divorce is a final decree under Nevada law.  NRS 125.130(1).  Nevada courts must enter a final decree of divorce with the contemporaneous disposition of community property. NRS 125.150; <u>Gojack v. Second Judicial Dist. Court</u>, 95 Nev. 443, 596 P.2d 237 (1979).  A separation agreement contained in a final Nevada divorce decree is entitled to full faith and credit.

1   Holm v. Shilensky, 388 F.2d 54 (2d Cir. 1968).

2        Nevada law separately provides that "No divorce from the bonds of matrimony heretofore

3   or hereafter granted by a court of competent jurisdiction of the State of Nevada, which divorce is

4   valid and binding upon each of the parties thereto, may be contested or attacked by third persons

5   not parties thereto." NRS 125.185. This Nevada statute enacts the United States Supreme Court's

6   holding that the Full Faith and Credit Clause of the United States Constitution applies to divorce

7   decrees. See In re Marriage of Winegard, 278 N.W.2d 505, 508 (Iowa 1979) (citing Sherrer v.

8   Sherrer, 334 U.S. 343 (1948)).

9        Here, the marital settlement agreement reflects that the Debtor's rights in the Property are

10  limited only by a transfer to a new husband. Exhibit B, p. 6. The MSA contains releases that are

11  similarly broad, where Youren agreed that the Debtor "may freely and unrestrictedly sell,

12  encumber, lease or dispose of his or her own property in any lawful manner[.]" Id., pp. 8-9. Youren

13  is barred from any rights and claims whatsoever in the Property. It is precisely this language of

14  the marital settlement agreement that the Plaintiffs seek to write out of the marital settlement

15  agreement in contravention of Nevada law.

16       **4.**   **The Amended Complaint Appears to Be an Impermissible Collateral Attack**

17             **on the District Court Order**

18       The law prohibits using bankruptcy to undermine existing State Court Orders. Courts in

19  the Ninth Circuit have held that a chapter 11 petition is filed in bad faith if its intent is to collaterally

20  attack or delay the execution of a state court order or judgment. St. Paul Self Storage Ltd. P'ship

21  v. Port Auth. (In re St. Paul Self Storage Ltd. P'ship), 185 B.R. 580, 583 (B.A.P. 9th Cir. 1995)

22  (holding that – after losing numerous times in state court – the timing of debtor's petition strongly

23  indicated that the debtor had filed bankruptcy "to escape to a forum which it perceived to be more

24  friendly"); Chu v. Syntron Bioresearch, Inc. (In re Chu), 253 B.R. 92, 95 (S.D. Cal. 2000)

25  (affirming conversion to chapter 7 based on the bad faith of the debtor, who filed a chapter 11

26  petition to collaterally attack and evade an unfavorable state court order); In re Silberkraus, 253

27  B.R. 890, 897-98 (Bankr. C.D. Cal. 2000) (granting stay relief and holding that the case was filed

28  in bad faith where debtor had sufficient funds to pay his creditors and the intent was to obstruct

and delay a state court litigation); <u>Marsch v. Marsch (In re Marsch)</u>, 36 F.3d 825, 829 (9th Cir. 1994) (affirming the bankruptcy court's dismissal of a chapter 11 petition that was filed in bad faith solely to delay a state court judgment and avoid posting an appellate bond).[1]

Here, the District Court unambiguously found that the transfer of the Property occurred in April 2018. Plaintiffs seek to avoid that direct finding by taking the position that the District Court Order resets the statute of limitations. To the extent this contention collaterally attacks the District Court Order, this Court should disallow it.

### 5. **The Standard for Dismissal Has Been Met.**

Federal Rule of Civil Procedure 12(b)(6), applicable herein pursuant to Fed. R. Bankr. P. 7012(b), allows a defendant to dismiss a claim for relief in a complaint when it "fail[s] to state a claim upon which relief can be granted[.]" A motion to dismiss tests the sufficiency of the complaint by construing the facts alleged in the complaint as true and evaluating whether the allegations are sufficient to state a plausible claim for relief.[2] <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more

---

[1] Significantly, in <u>Silberkraus</u>, after finding that the debtor had filed the chapter 11 in bad faith to obstruct state court litigation, the Court sanctioned the debtor and the debtor's attorneys, finding that the filing of a chapter 11 petition caused creditors to expend more than $100,000 in attorneys' fees simply to protect their positions in that case that was filed in bad faith. <u>Id.</u>, 253 B.R. at 913; <u>see also</u> <u>St. Paul Self Storage Ltd. P'ship</u>, 185 B.R. at 583 (remanding for further proceedings to determine the "appropriate amount of sanctions" for filing a frivolous appeal of the bankruptcy court's bad faith finding) and <u>In re Start the Engines</u>, 219 B.R. 264, 271 (Bankr. C.D. Cal. 1998) (sanctioning the debtor and the debtor's attorney for filing a petition in bad faith to delay and thwart a state court litigation).

[2] The deeds, decrees, and other papers attached hereto may be relied upon by this Court while reviewing the Motion to Dismiss because they are referenced in and integral to the First Amended Complaint. <u>See</u> <u>Baxter v. Dignity Health</u>, 131 Nev. 759, 764, 357 P.3d 927, 930 (2015) ("While presentation of matters outside the pleadings will convert the motion to dismiss to a motion for summary judgment, Fed.R.Civ.P. 12(d); NRCP 12(b), such conversion is not triggered by a court's 'consideration of matters incorporated by reference or integral to the claim,' 5B Wright & Miller, supra, § 1357, at 376, as where the complaint "relies heavily" on a document's terms and effect, <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir.2002). <u>See</u> <u>also</u> <u>Kurtis A. Kemper, Annotation, What Matters Not Contained in Pleadings May Be Considered in Ruling on a Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure or Motion for Judgment on the Pleadings Under Rule 12(c) Without Conversion to Motion for Summary Judgment</u>, 138 A.L.R. Fed. 393 (1997) (collecting cases)).

than a sheer possibility that a defendant has acted unlawfully." Id.  Since a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6) is based entirely on the facts alleged in a complaint, extrinsic

evidence is inadmissible.  Swedberg v. Marotzke, 339 F.3d 1139, 1142-43 (9th Cir. 2003).

"[A] plaintiff's obligation to provide the grounds on his entitle[ment] to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do.  Factual allegations must be enough to raise a right to relief above the speculative level

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted) (internal quotation marks

omitted).  "[W]hen the allegations in the complaint, however true, could not raise a claim of

entitlement to relief, this basic deficiency should…be exposed at the point of minimum

expenditure of time and money by the parties and court."  Id., 550 U.S. at 558 (citations omitted)

(internal quotation marks omitted).

As argued at length above, the First Claim for Relief is barred by the statute of limitations.

The applicable statute of limitation is not extended by the entry of the District Court Order, and

the authority cited in the First Amended Complaint is inapplicable to the First Amended

Complaint.  For these reasons, the First Amended Complaint should be dismissed.

///

///

///

**6.  <u>Alternatively, the Standard for Remand Has Been Satisfied.</u>**

Pursuant to 28 U.S.C. §1452, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  In the event the Court determines not to dismiss the First Amended Complaint, Defendant submits that the arguments set forth above constitute equitable grounds for remanding the removed Complaint to the District Court.

DATED this 5th day of November, 2024.

       FLETCHER & LEE

       <u>/s/ Elizabeth Fletcher, Esq.</u>
       ELIZABETH FLETCHER, ESQ.

       GERBER LAW OFFICES, LLP

       <u>/s/ Zachary A. Gerber, Esq.</u>
       ZACHARY A. GERBER, ESQ.
       *Counsel for Buster Alley*

15

<u>CERTIFICATE OF SERVICE</u>

Pursuant to Fed. R. Civ. P. 5(b) and Local Rule 5005, I certify under penalty of perjury that I am an employee of Fletcher & Lee, 448 Ridge Street, Reno, Nevada 89501, and that on November 5, 2024, I served the foregoing <u>Motion to Dismiss First Amended Complaint or, in the Alternative, Motion to Remand</u> by ECF to all those persons registered with the United States Bankruptcy Court for electronic notice in this matter as follows:

LOUIS M BUBALA, III on behalf of Defendant AMERICAN AGCREDIT, FLCA, A FEDERALLY CHARTERED FARM CREDIT SYSTEM INSTITUTION
lbubala@kcnvlaw.com, cdroessler@kcnvlaw.com;kmilks@kcnvlaw.com

ELIZABETH A. FLETCHER on behalf of Defendant BUSTER ALLEY
efletcher@fletcherlawgroup.com,
edendary@fletcherlawgroup.com;epaulson@fletcherlawgroup.com

CHRISTINA W. LOVATO
trusteelovato@att.net, NV26@ecfcbis.com

STEFANIE T. SHARP on behalf of Plaintiff DUSTIN C. YOUREN
ssharp@rssblaw.com, chernandez@rssblaw.com

MICHAEL E SULLIVAN on behalf of Plaintiff DUSTIN C. YOUREN
msullivan@rssblaw.com, llucero@rssblaw.com

I further state that I am familiar with the practice of Fletcher & Lee for depositing items for delivery in the United States mail and that, in accordance with that standard practice, on November 5, 2024, I placed copies of the <u>Motion to Dismiss First Amended Complaint or, in the Alternative, Motion to Remand</u> in the United States mail, first class postage prepaid, addressed to:

Debra Youren
HC61 Box 615
Wendover, UT 84083

Debra Youren
c/o Debra M. Amens, Esq.
Amens Law, Ltd.
432 S. Broad St.
Battle Mountain, NV 89310

///

///

Dustin C. Youren
c/o Russell J. Carr, Esq.
Robison, Sharp, Sullivan & Brust
71 Washington Street
Reno, Nevada 89503

DATED this 5th day of November, 2024.

/s/ Elizabeth Dendary, ACP, CBA
ELIZABETH DENDARY, ACP, CBA
Advanced Certified Paralegal

EXHIBIT A

FILED

COPY

Case No. __CV. 0106089__ 01 JUN -7 PM 3:47

DONNA M. SATH
WHITE PINE COUNTY CLERK
BY _____
DEPUTY

1.
2. Dept. No. _____ 1
3.
4.
5.
6.
7.
8.

IN THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF
NEVADA, IN AND FOR THE COUNTY OF WHITE PINE

\* \* \* \* \*

9  DEBRA K. YOUREN,

10          Plaintiff,

11  vs.                                    DECREE OF DIVORCE

12  DUSTIN C. YOUREN,

13          Defendant.

14

15      The above-entitled having been submitted to the above-

16  entitled Court on the 7th day of June , 2001 , the

17  Plaintiff appearing in person by and through her attorney, GARY

18  D. FAIRMAN, ESQ., A Professional Corporation, and the said

19  Defendant having caused an Answer to be filed herein whereby

20  Defendant consented that the matter be submitted to the Court,

21  and the Court reviewed Plaintiff's verified Complaint, and the

22  cause having been submitted, and the Court having duly considered

23  all questions of law and fact arising herein and having been

24  fully advised in the premises, and said Defendant, in said Answer

25  and Consent, having waived the statutory time for the signing and

26  filing of Findings of Fact and Conclusions of Law and Decree, and

-1-

judgment having been ordered for said Plaintiff;

NOW, THEREFORE, IT.IS HEREBY ORDERED, ADJUDGED AND DECREED that the marriage between the Plaintiff, DEBRA K. YOUREN and the Defendant, DUSTIN C. YOUREN, be dissolved, and the same is hereby dissolved, and the said parties hereto are hereby restored to the status of single persons.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the written Property Settlement Agreement providing for the settlement of the property rights and the care, custody and support of the minor children of the parties be adopted, ratified, approved and confirmed, and shall become merged in this Decree, and shall survive the same and have an independent life of itself.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the parties have been advised of NRS 125.510(5), which provides as follows:

PENALTY FOR VIOLATION OF ORDER: THE ABDUCTION, CONCEALMENT OR DETENTION OF A CHILD IN VIOLATION OF THIS ORDER IS PUNISHABLE AS A CATEGORY D FELONY AS PROVIDED IN NRS 193.130. NRS 200.359 provides that every person having a limited right of custody to a child or any parent having no right of custody to the child who willfully detains, conceals or removes the child from a parent, guardian or other person having lawful custody or a right of visitation of the child in violation of an order of this court, or removes the child from the jurisdiction of the court without the consent of either the court or all persons who have the right to custody or visitation is subject to being punished by for a category D felony as provided in NRS 193.130.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the terms of Hague Convention of October 25, 1980, adopted by the

-2-

1  14th Session of the Hague Conference on Private International

2  Law, apply if a parent abducts or wrongfully retains a child in a

3  foreign country.

4        That pursuant to NRS 125B.055, the following

5  information has been submitted by the parties:

6        Custodial Parent:

7  Name:                    DEBRA K. YOUREN
   Physical Address:        Pleasant Valley, Nevada
8  Mailing Address:         HC 61, Box 615
                            Wendover, Utah  84083
9  Social Security No:      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
   Date of Birth:           March 28, 1958
10 Telephone Number:        (435) 693-3153
   Driver's License No:     0301132246    State:  Unknown
11 Employer:                Eskdale Dairy
   Business Address:        H00 Circle Drive
12                          Eskdale, Utah
   Employer's Phone No:     (435) 855-2144

13

14       Non-Custodial Parent:

15 Name:                    DUSTIN YOUREN
   Physical Address:        Unknown
16 Mailing Address:         General Delivery
                            Jaffray, B.C.  Vobito
17 Social Security No:      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
   Date of Birth:           May 26, 1957
18 Telephone Number:        Unknown
   Driver's License No:     159866080   State:  Unknown
19 Employer:                Self

20       Children:

21 Name:                    KIDD YOUREN
   Date of Birth:           August 31, 1986
22 Social Security No:      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

23 Name:                    HARRY YOUREN
   Date of Birth:           September 13, 1989
24 Social Security No:      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

25       IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that

26 the Court reserve jurisdiction over the parties and minor

-3-

children herein to make such orders that are proper in the premises.

DONE IN OPEN COURT this ___7th___ day of ___June___, 2001.

b/ Steve L. Dobrescu

DISTRICT JUDGE

Submitted by:

GARY D. FAIRMAN, ESQ.
A Professional Corporation
P.O. Box 5
Ely, Nevada  89301
State Bar No. 0210

_____
GARY D. FAIRMAN, ESQ.

-4-

EXHIBIT B

FILED

01 JUN -4 AM 11:10

DOC... LI. FAM
BY: _____

**AGREEMENT**

THIS AGREEMENT, made and entered into this 10th day of _April_ , 2001, by and between DUSTIN C. YOUREN of White Pine County, State of Nevada, hereinafter referred to as "Husband", and DEBRA K. YOUREN of White Pine County, State of Nevada, hereinafter referred to as "Wife",

W_I_T_N_E_S_S_E_T_H:

WHEREAS, the parties hereto are husband and wife by virtue of marriage solemnized at Middleton, Idaho, on the 27th day of August, 1985, and

WHEREAS, there two (2) minor children, the issue of said marriage, to-wit: KIDD C. YOUREN, born August 31, 1986, and HARRY K. YOUREN, born September 13, 1989, and

WHEREAS, differences have arisen between the said Husband and the said Wife, and they no longer can continue together, and

WHEREAS, there is pending in the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine, an action for divorce brought by Wife against Husband, and

WHEREAS, the parties desire and intend by this Agreement to completely settle and adjust the rights, duties and obligations existing between them by virtue of the legal relationship of Husband and Wife, as well as all matters relating to child custody, visitation, support and maintenance. The division of community property as set forth hereinbelow is intended to be a non-taxable transfer between spouses pursuant to Section 1041 of the Internal

-1-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET - P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

Revenue Code.

WHEREAS, it is the desire of the parties hereto that this Agreement be made and entered into for the purpose of removing, so far as is by law permissible, the subject matter hereof from the field of litigation;

NOW, THEREFORE, for and in consideration of the mutual promises stated herein, it is agreed as follows:

1.    That it is recognized and agreed between Husband and Wife that the best interest and future well being of the minor children is of paramount concern and as such, it is agreed that Husband and Wife shall have the joint legal, care, custody and control of the minor children, with the primary physical custody of the minor children be placed with Wife, subject to the right of reasonable visitation by Husband at all reasonable times and places upon giving prior notice thereof and in addition thereto, in the event that Husband and Wife cannot agree on a visitation schedule, the following schedule shall apply:

A.    Summer visitation commencing with the Summer of 2001, beginning two (2) days after the last day of school at 9:00 a.m., and ending five (5) days prior to the commencement of school at 7:00 p.m.

B.    That Husband and Wife shall each have unlimited telephone contact with the minor children at reasonable times and days.

-2-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET - P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

1    is subject to being punished for a category D Felony as provided in NRS 193.130.

2    6.    There shall be no support paid by Husband to Wife at

3    this time because Husband and Wife envision an almost equal sharing

4    of the physical custody of the minor children, and they will each

5    support the children when in their respective physical custody.

6    Husband and Wife agree that this fact constitutes a deviation from

7    the child support formula found in NRS 125B.080 et. seq.

8    7.    Husband and Wife shall equally pay and discharge all

9    health related bills incurred on behalf of the minor children.    In

10    the event that Husband or Wife has health insurance provided

11    through their employer, at little or no expense, they shall place

12    the minor children on their policy of health insurance and pay the

13    premiums therefor.  Any unreimbursed health related expenses shall

14    be paid equally by Husband and Wife.

15    8.    Any unreimbursed health related expenses shall be

16    submitted to the other party within fifteen (15) days of the

17    receipt of the unpaid portion of the health expenses.  The party so

18    receiving the billing shall reimburse the party paying the bill

19    within thirty (30) days of the receipt of the same.

20    9.    That beginning with the tax year 2001 and

21    thereafter, Wife shall claim both minor children as and for an

22    income tax exemptions.

23    10.    That Wife shall be awarded the following as her sole

24    and separate property:

25    a.    Subject to the provisions as contained in

26    Paragraph 12, the ranch known as Medicine

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET • P.O. BOX 3
ELY, NEVADA 89301
(775) 289-4422

-4-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET · P.O. BOX 8
ELY, NEVADA 89301
(775) 289-4422

Springs Ranch consisting of three hundred twenty (320) acres of real property located in White Pine County, Nevada, and Juab County, Utah, together with all Bureau of Land Management (BLM) AUM's and water rights.

b.    Nevada Brand described as follows:

c.    The approximate sum of two hundred ninety (290) mother cows; eighteen (18) bulls; one hundred ten (110) yearlings; and eighty (80) older long yearlings.

d.    All horses, and horse related equipment, whether located at Medicine Springs Ranch, or in Jaffray, British Columbia, shall be equally shared by Husband and Wife.

e.    All vehicles in Wife's possession.

f.    All furniture, furnishings, and other fixtures located at the Medicine Springs Ranch.

g.    The proceeds, if any, from the current pending litigation in the U.S. District Court for the State of Utah, wherein Wife is the Plaintiff and the Utah State Board of Education and Tintic School District are Defendants.

h.    All personal belongings of Wife.

-5-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET - P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

11.   Husband shall be awarded as his **sole** and separate property:

a.   Hunting Lodge in Jaffray, British Columbia.

b.   A 1993 Dodge Pickup Truck.

c.   A 1999 Honda 4 Wheeler.

d.   A 1986 Trail West Trailer.

e.   All camping gear, hunting gear, trapping gear, and weapons in the possession of Husband.

f.   All horses, and horse related equipment, whether located at Medicine Springs Ranch, or in Jaffray, British Columbia, shall be equally shared by Husband and Wife.

g.   All personal belongings of Husband.

12.   Wife agrees that she shall not at any time sell, transfer, convey, or assign any interest in the Medicine Springs Ranch, including but not limited to, any of the real property, AUM's, and water rights, to any new husband in the event that Wife remarries.  Wife further agrees that Wife shall execute a Last Will and Testament and name as the beneficiaries of said ranch, real property, AUM's, water rights, and cattle, KIDD C. YOUREN, and HARRY K. YOUREN, in equal shares.  The provisions of this Paragraph shall not in any way limit Wife's ability to sell the ranch, and use the proceeds therefrom, or otherwise, interfere with her sole operation and management of Medicine Springs Ranch.

-6-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET · P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

In the event that Wife ever sells Medicine Springs Ranch, Husband and Wife agree that Husband's equity therein shall be fixed at the sum of One Hundred Ten Thousand Dollars ($110,000.00). Upon the sale of said ranch, Husband shall receive a lump sum payment only of One Hundred Ten Thousand Dollars ($110,000.00) for his interest in said ranch.

13. Wife shall fully pay and discharge the following debt and hold Husband harmless therefrom:

    a. Intermountain Farm Credit of Elko County, Nevada, in the approximate sum of Two Hundred Twenty Thousand Dollars ($220,000.00).

14. Husband shall fully pay and discharge the following debt and hold Wife harmless therefrom:

    a. To the vendors pursuant to the Gold Creek Guide & Outfitters Guiding Territory Sale of Territory Agreement, dated March 31, 2000, wherein Husband is the Purchaser pursuant to the terms thereof.

    b. Capitol Education in the approximate sum of Five Hundred Dollars ($500.00), which Husband shall fully pay and discharge within sixty (60) days from the date of this Agreement.

15. Wife shall provide to Husband a total sum of One Hundred Seventy (170) yearling cows as follows:

-7-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET • P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

| Year | Number of Head |
|------|----------------|
| 2002 | 20 |
| 2003 | 20 |
| 2004 | 20 |

2005 and thereafter until the sum of
One Hundred Ten (110) yearlings
are provided by Wife to Husband, Wife
shall provide a minimum of ten (10)
and up to a maximum of twenty (20)
yearlings per year to Husband.  Any
yearlings provided by Wife to Husband
between the number of ten (10) and
twenty (20) shall be at Wife's sole
discretion and shall be based upon
the annual success of the calf crop.

16.   That each of the parties hereby, except as
herein otherwise provided, releases to the other any and all
claims, right, title or interest, either vested or contingent, in
and to any property, whether real, personal or mixed, and any
rights in any property belonging to or acquired by the other,
whether now owned or hereafter acquired, and regardless of the
manner of such acquisition; each party is to hold, use and enjoy
his or her property, real and personal, to the same extent and with
the same rights that each would hold the same if the marital
relation had never existed between them; each agrees that the other
may freely and unrestrictedly sell, encumber, lease or dispose of

-8-

his or her own property in any lawful manner, whether by gift, lease, deed or by last will and testament, and each is by this Agreement intended to be barred from any and all rights or claims whatsoever in and to any of the property, real or personal of the other.

17.   That neither of the parties hereto will contest any last will and testament of the other.   Each party hereto relinquishes, releases and quitclaims forever any and all rights or interests or claims in or to the other party's estate, or any part thereof, by succession or otherwise, in the event of his or her death, including rights to letters of administration thereon, except as otherwise hereinabove expressly provided.   This Agreement, however, shall not be construed to prevent either party under and by virtue of any Will or testamentary disposition of the other party from taking anything which is specifically left to such party.

18.   Except as otherwise stated herein, each of the parties hereto hereby releases the other from any and all claims for care, support and maintenance during their respective lives, and further releases each other from any and all claims that either may have against the other for curtsey, dower or community interest under any law now in force or hereafter enacted in any jurisdiction to which the parties or their property may be subject; also from any distributive share or allowance of any and every kind whatsoever that either may have, or at any time in the future may have, in the property or estate of the other under any law now in

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET - P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4421

-9-

force or hereafter enacted, that is in any way applicable to either of the parties or their estates.  All rights herein specified and all similar rights that would otherwise be applicable to either of the parties under any laws now in force or hereinafter enacted are hereby surrendered and released, it being the intention of the parties that upon the death of either, the estate of the Decedent shall be settled and distributed as though no marital rights of the parties has heretofore existed.

19.  Each of the parties shall execute promptly all documents and instruments now or hereafter necessary or convenient to vest the title and estates in them as herein provided and at any time, from time to time, shall execute all other instruments which may be necessary and proper to effectuate the purpose and intent of this Agreement.  Notwithstanding the failure or refusal of either party to execute any such instrument, this Agreement shall constitute a complete transfer and conveyance of the properties herein designated as being transferred, conveyed or assigned by each party.  Furthermore, Husband and Wife agree that a court of competent jurisdiction may have the clerk sign any necessary documents to affect transfer and vest titles and estates to this described property.

20.  No waiver of the breach or of any of the terms or provisions of this Agreement shall be construed to be a waiver of any preceding or succeeding breach of the same or any other provisions hereof.

21.  The parties consent to the jurisdiction of the

-10-

Seventh Judicial District Court of White Pine County, Nevada over all matters relating to the marriage, and dissolution hereof, of the parties as well as any issues regarding the minor children.

22.   This Marital Settlement Agreement is premised upon a complete and absolute disclosure as part of both of the parties as to their respective assets and liabilities, both community property and separate property, and the parties represent and warrant one to the other that their respective understanding of the assets and liabilities existing, whether of a separate property or community property nature, have been fairly, freely and completely disclosed to the other party.

23.   Husband warrants and represents to Wife, and Wife warrants and represents to Husband, that there are no other substantial assets of any kind or variety exist which are owned by either of them, whether of a community or separate property nature and that neither has any contingent interest in any other assets than as referenced herein, and that the disclosures hereinabove made are full, complete and absolute, and Husband and Wife have relied thereon in coming to a conclusion of the content of this Agreement and understanding reached on the division of the property of the parties, alimony, and all other matters arising out of the marriage of the parties.

24.   Each party hereto acknowledges that each of them is making this Agreement of his or her own free will and volition, and acknowledges that no coercion, force, pressure or undue influence has been used against either party in the making of this Agreement,

-11-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
462 FIFTH STREET - P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
452 FIFTH STREET - P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4421

either by the other party to this Agreement or by any other person or persons.

25. The following miscellaneous provisions apply to this Agreement:

(a) If any portion of this Agreement be held, illegal, unenforceable, void, or voidable to by any court, each of the remaining terms shall nevertheless remain in full force and effect of the separate contract.

(b) This Agreement shall be subject to and shall be interpreted under the laws of the State of Nevada.

(c) This Agreement contains the entire Agreement of the parties on all matters covered herein, and all prior representations, negotiations, and warranties of the parties are merged herein. This Agreement may be modified only by a written Agreement signed by both parties hereto, which make specific reference to this Agreement.

(d) In the event either party shall refuse to perform their respective obligations under the terms of this Agreement, including the execution of documents and instruments or shall breach the terms of this Agreement, then in that event the other party may institute legal or equitable action, including specific performance, to compel such performance or enforce the terms of this Agreement, and the prevailing party in this legal or equitable proceeding shall be entitled to recover reasonable and necessary costs incurred, including attorneys' fees as determined by the

-12-

court.

.(e)  Husband and Wife each further agree that from and after the date of execution of this instrument, all income and earnings hereafter accruing to or received by the other, and all property of any kind or description whatsoever in any manner thereafter acquired by the other, whether out of such income or earnings or otherwise, shall be the separate property of the other, and each of them, as of the effective date, does hereby and forever release, relinquish, renounce and waive all right, title and interest in or claim to any and all such income, earnings or thereafter acquired property of the other.

(f)  The parties agree that each shall have the right to live separate and apart from the other, free of any interference or harassment.

(g)  This instrument may be executed in any number of counterparts, any one of which shall be deemed to be the original, although others are not produced.

26.  The parties hereby agree that this Agreement shall be provided to the Court for its signature and hereby request the Court to approve, ratify, confirm and adopt this Agreement, which Agreement shall become merged in such Decree, and shall survive said Decree.

27.  Each party acknowledges that they have read this Agreement and has had the same fully explained to him or her, and are fully aware of the contents and its legal effect.

-13-

28.   This Agreement shall be binding upon the heirs, executors, and/or administrators of the parties hereto.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands the day and year first above written.

_DUSTIN C. YOUREN_
DUSTIN C. YOUREN, Husband

_DEBRA K. YOUREN_
DEBRA K. YOUREN, Wife

STATE OF Utah            )
                         ) ss.
COUNTY OF Millard        )

On March 12            , 2001, personally appeared before me, a Notary Public, DUSTIN C. YOUREN, who acknowledged that he executed the above instrument.

NOTARY PUBLIC

NOTARY PUBLIC
JAY B. FINLINSON
20 E. Main • PO Box 842
Delta, Utah 84624
My Commission Expires
September 23, 2002
STATE OF UTAH

STATE OF NEVADA          )
                         ) ss.
COUNTY OF WHITE PINE     )

On April 10            , 2001, personally appeared before me, a Notary Public, DEBRA K. YOUREN, who acknowledged that she executed the above instrument.

NOTARY PUBLIC

NOTARY PUBLIC
JAY B. FINLINSON
20 E. Main • PO Box 842
Delta, Utah 84624
My Commission Expires
September 23, 2002
STATE OF UTAH

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
492 FIFTH STREET • P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

-14-

# EXHIBIT C

**PREPARED BY:**
DEBRA YOUREN
HC 61 BOX 615
WENDOVER, UT 84083



ENTRY NO. 00287504
05/14/2018 10:27:51 AM B: 0582 P: 0674
Quit Claim Deed PAGE 1 / 2
CRAIG J. SPERRY, JUAB COUNTY RECORDER
FEE $ 15.00 BY ALLEY, BUSTER

**RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:**
Buster Alley
5520 Spring Lane
Emmett, ID 83617

**MAIL TAX STATEMENTS TO:**
BUSTER ALLEY
5520 SPRING LANE
EMMETT I, ID 83617

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# QUITCLAIM DEED

## KNOW ALL MEN BY THESE PRESENTS THAT:

THIS QUITCLAIM DEED, made and entered into on the 9th day of February, 20 18, between Debra Youren, an unmarried person, whose address is HC 61 Box 615, Wendover, Utah 84083 ("Grantor"), and Buster Alley, whose address is 5520 Spring Lane, Emmett, Idaho 83617 ("Grantee").

For and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Grantor hereby Remises, Releases, AND FOREVER Quitclaims to Grantee, the property located in Juab County, Utah, described as:

THE SE 1/4 OF SW 1/4 AND THE SW 1/4 OF THE SE 1/4 OF SEC 30 T 13S 19W SLM.
ALSO THE FOLLOWING : BEG AT THE NW COR OFTHE NE 1/4 OFTHE SW 1/4 OFSEC 30, 7 132, R 19W, SLM; THE ALONG THE MID-SECTION LINE 523.35 FT TO THE E LINE OF A COUNTY ROAD; TH S 30' 59' E 42.6 FT ALONG THE E LINE OF SAID COUNTY ROAD; TH N 69' 35' E 626.58 FT, MORE OR LESS, TO THE E LINE OF PROPERTY AS DEEDED TO "HARRIS" IN BOOK 304, PAGE 385; TH S 182.06 FT ALONG SAID LINE TO MID-SECTION LINE; THE E 187.5 FT TO THE NE COR OFTHE NE 1/4 OFTHE SW 1/4OF SAID SECTION 30; TH S 1320 FT1/4TH N 1320 FT TO THE PLACE OF BIG. CONT. 121.97 AC MORE OR LESS

EASTMENT INTO PROPERTY OFF COUNTY ROAD THROUGH "HARRIS" BOOK 304 PAGE 385

Grantor grants all of the Grantor's rights, title and interest in and to all of the above described property and premises to the Grantee, and to the Grantee's heirs and assigns forever in fee simple, so that neither Grantor nor Grantor's heirs legal representatives or assigns shall have, claim, or demand any right or title to the property, premises, or appurtenances, or any part thereof.

Tax/Parcel ID Number: F000-6530-12

IN WITNESS WHEREOF the Grantor has executed this deed on the 9th day of February, 20 18.

2-9-2018
Date

_Debra Youren_, Grantor

State of Utah
County of Millard

On this the 9th day of February, 20 18, before me, Peggy Kooyman a notary public, personally appeared Debra Youren, proved on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument, and acknowledged they executed the same. Witness my hand and official seal

NOTARY PUBLIC

S
E
A
L

NOTARY PUBLIC
PEGGY KOOYMAN
681235
COMMISSION EXPIRES
JANUARY 22, 2019
STATE OF UTAH

EXHIBIT D

APN: 008-570-04

**PREPARED BY:**
Debra Youren
HC 61 Box 615
Wendover, UT 84083

**RECORDING REQUESTED BY**
**AND WHEN RECORDED MAIL TO:**
Buster Alley
5520 Spring Lane
Emmett, ID 83617

**MAIL TAX STATEMENTS TO:**
Buster Alley
5520 Spring Lane
Emmett, ID 83617

WHITE PINE COUNTY, NV **2018-379211**
Rec:$35.00
Total:$35.00    **06/21/2018 01:41 PM**
DEBRA YOUREN

0000081120180379211003039

**MARTHA RIVERA SINDELAR, RECORDER**
Pgs=3  CS                                    E05

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# QUITCLAIM DEED

## KNOW ALL MEN BY THESE PRESENTS THAT:

THIS QUITCLAIM DEED, made and entered into on the 2nd day of April, 20 18, between Debra Youren, an unmarried person, whose address is HC 61 Box 615, Wendover, Utah 84083 ("Grantor"), and Buster Alley, whose address is 5520 Spring Lane, Emmett, Idaho 83617 ("Grantee").

For and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Grantor hereby Remises, Releases, AND FOREVER Quitclaims to Grantee, the property located in White Pine County, Nevada, described as:

Lot 4, and the Southeast quarter of the Southwest quarter of Section 22, township 21 North, Range 70 east, M.D.B. and M and Lots 1, 2 and the Northeast quarter of the Northwest quarter of Section 27, Township 21 North, Range 70 east, M.D. B. and M. also all water and water rights appurtenant thereto, including an undivided one-third (1/3) interest in and to the use of the water of Henriod Spring, which waters have heretofore been used on the above described real property for irrigation and domestic purposes, also Cane Spring, .  Together with grazing privileges on the East and West Mill Spring Allotment  and the Indian George Allotment administered by the Bureau of Land management in Nevada and the Partoun Allotment administered by the Bureau of land Management in Utah.

Method of obtaining description: Recorder's Office

Being the same property conveyed in the County Register's Quitclaim Deed, Book 329, Page 406.

SUBJECT TO all, if any, valid easements, rights of way, covenants, conditions, reservations and restrictions of record.

Grantor grants all of the Grantor's rights, title and interest in and to all of the above described property and premises to the Grantee, and to the Grantee's heirs and assigns forever in fee simple, so that neither Grantor nor Grantor's heirs legal representatives or assigns shall have, claim, or demand any right or title to the property, premises, or appurtenances, or any part thereof.

Tax/Parcel ID Number: 008-570-04

IN WITNESS WHEREOF the Grantor has executed this deed on the _2nd_ day of _____April_____, 20_18_.

_4-2-2018_
Date

_Debra Youren, Grantor_

State of _NV_
County of _White Pine_

This instrument was acknowledged before me on the _2nd_ day of _____April_____, 20_18_ by Debra Youren.

_____
Notary Public Signature

_____
Title or Rank

JODI BRANDIS
NOTARY PUBLIC · STATE of NEVADA
White Pine County · Nevada
CERTIFICATE # 90-0439-17
APPT. EXP. MAR. 4, 2019

Quitclaim Deed                    Page 2 of 2

# EXHIBIT E

FILED

2022 MAY 16  PM 2: 38

NICHOLE BALDWIN
WHITE PINE COUNTY CLERK
BY_____ Vm
DEPUTY

Michael E. Sullivan, Esq. #5142
Michaela G. Davies, Esq. #15205
**ROBISON, SHARP, SULLIVAN & BRUST**
71 Washington Street
Reno, Nevada 89503
Telephone:    (775) 329-3151
Facsimile:    (775) 329-7169
Email: msullivan@rssblaw.com
         mdavies@rssblaw.com
*Attorneys for Defendant Dustin C. Youren*

## IN THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WHITE PINE

| | |
|---|---|
| DEBRA K. YOUREN, | Case No.:    CV-0106089 |
| Plaintiff, | Dept. No.:    1 |
| vs. | |
| DUSTIN C. YOUREN, | |
| Defendant. | |

### MOTION TO ENFORCE MARITAL SETTLEMENT AGREEMENT

Defendant Dustin C. Youren ("Mr. Youren"), by and through his undersigned counsel of record, moves to enforce the Marital Settlement Agreement entered into between Mr. Youren and Plaintiff Debra K. Youren ("Ms. Youren"). This Motion is made and based upon the attached Notice of Motion, Memorandum of Points and Authorities, and the Declaration of Mr. Youren, the exhibits attached hereto, and the papers and pleadings on file with this Court.

DATED this 16th day of May 2022.

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada  89503

MICHAEL E. SULLIVAN, ESQ.
MICHAELA G. DAVIES, ESQ.
*Attorneys for Defendant Dustin C. Youren*

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1

## NOTICE OF MOTION

**TO PLAINTIFF DEBRA K. YOUREN AND THE CLERK OF COURT:**

Pursuant to Seventh Judicial District Court Rule 7(5)(b), notice is hereby given that a hearing on this Motion is not requested.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The parties were divorced by way of Decree of Divorce entered June 7, 2001 ("Decree"), attached hereto as **Exhibit 1**. Incorporated into the Decree is the parties' Marital Settlement Agreement ("MSA"), attached hereto as **Exhibit 2**. This Motion is made to enforce the MSA. *See* **Exhibit 1**, 3:25-4:2 ("IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the Court reserve jurisdiction over the parties and minor children herein to make such orders that are proper in the premises.").

Specifically, the MSA awarded Ms. Youren as her sole and separate property "[s]ubject to the provisions as contained in Paragraph 12, the ranch known as Medicine Springs Ranch consisting of three hundred (320) acres of real property located in White Pine County, Nevada and Juab County, Utah, together with all Bureau of Land Management (BLM) AUM's and water rights." **Exhibit 2**, ¶ 10(a). Paragraph 12 of the MSA provides:

> In the event that Wife [Ms. Youren] ever sells Medicine Springs Ranch, Husband [Mr. Youren] and Wife [Ms. Youren] agree that Husband's [Mr. Youren] equity therein shall be fixed at the sum of One Hundred Ten Thousand Dollars ($110,000.00). **Upon the sale of said ranch, Husband [Mr. Youren] shall receive a lump sum payment only of One Hundred Ten Thousand Dollars ($110,000.00) for his interest in said ranch.**

(Emphasis added.)

Therefore, the Parties explicitly agreed that if and when Ms. Youren sold Medicine Springs Ranch, Mr. Youren would be entitled to payment of $110,000.00, the agreed upon sum representing his interest in Medicine Springs Ranch. *Id.* at ¶ 12.

Pursuant to the MSA, Mr. Youren executed a quitclaim deed transferring his interest in the Medicine Springs Ranch to Ms. Youren on February 28, 2001. *See* February 28, 2001, Quitclaim Deed to Debra Youren, attached hereto as **Exhibit 3**. And, on April 28, 2018, Ms. Youren sold

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

2

1   Medicine Springs Ranch to Buster Alley, thus triggering Ms. Youren's obligations to pay Mr.

2   Youren $110,000.00—the agreed upon sum representing Mr. Youren's equity and interest in

3   Medicine Springs Ranch. *See* April 2, 2018, Quitclaim Deed to Buster Alley, attached hereto as

4   **Exhibit 4**; *see also* MSA ¶ 12.

5        Unfortunately, Ms. Youren has failed to pay Mr. Youren any monies representing his

6   equity interest in the Medicine Springs Ranch following Ms. Youren's sale of the same to Buster

7   Alley. Accordingly, Mr. Youren asks this Honorable Court to grant this Motion and enforce the

8   terms of the MSA.

9   **II.     LAW AND ARGUMENT**

10        Settlement agreements are contracts governed by general principles of contract law. *The*

11   *Power Co. v. Henry*, 130 Nev. 182, 189, 321 P.3d 858, 863 (2014). Therefore, "contracts will be

12   construed from their written language and enforced as written." *Id*. "[W]hen a contract's language

13   is unambiguous, this court [should] construe and enforce it according to that language." *Id*.

14   Pertinent here, "[a] district court can grant a party's motion to enforce a settlement agreement by

15   entering judgment on the instrument if the agreement is . . . reduced to a signed writing . . . [and]

16   the settlement agreement's material terms are certain." *Id*.

17        Here, the MSA is reduced to writing and its material terms are certain: Ms. Youren

18   promised to pay Mr. Youren $110,000.00 should she sell Medicine Springs Ranch. *See* **Exhibit**

19   **2**, ¶ 10(a). Ms. Youren has blatantly violated the terms of the MSA by failing to pay Mr. Youren

20   his equity interest in Medicine Springs Ranch following the sale of the same on April 28, 2018.

21   *See* **Exhibit 4**. Therefore, Mr. Youren is entitled to $110,000, plus all accrued legal interest from

22   April 28, 2018—the date Mr. Youren was entitled to receive the funds. Additionally, Mr. Youren

23   is entitled to his attorney fees and costs associated with filing the instant Motion to address Ms.

24   Youren's failure to perform her obligations under the MSA. *See* **Exhibit 2**, ¶ 25(d) (permitting

25   the enforcement of the MSA against the breaching party and providing for the recovery of attorney

26   fees and costs associated with such enforcement). Accordingly, Mr. Youren requests that Ms.

27   Youren be ordered to pay his full attorney fees and costs, upon proof.

28   ///

**III.    CONCLUSION**

Mr. Youren respectfully requests that this Court enter judgment against Ms. Youren, and in favor of Mr. Youren, for $110,000, plus the accrued legal interest pursuant to NRS 99.040, as well as Mr. Youren's attorney fees and costs associated with the instant Motion.

**AFFIRMATION:** The undersigned does hereby affirm that this document does not contain the Social Security Number of any person.

DATED this 16th day of May 2022.

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada 89503

MICHAEL E. SULLIVAN, ESQ.
MICHAELA G. DAVIES, ESQ.
*Attorneys for Defendant Dustin C. Youren*

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

4

### DECLARATION OF DUSTIN C. YOUREN

I, DUSTIN C. YOUREN, do hereby swear under penalty of perjury of the laws of the State of Nevada that the following assertations are true to the best of my knowledge and belief:

1.      I am the Defendant in Case No. CV-0106089. I am over the age of 18 years old and am competent to attest to the matters herein.  I have personal knowledge of the facts and matters below.  I make this declaration in support of my Motion to Enforce Marital Settlement Agreement ("Motion").

2.      Ms. Youren and I were divorced by way of Decree of Divorce ("Decree").

3.      A true and correct copy of the Decree is attached to the Motion as **Exhibit 1.**

4.      Ms. Youren and I also executed a Marital Settlement Agreement ("MSA"), which was attached and incorporated into the Decree.

5.      A true and correct copy of the MSA is attached to the Motion as **Exhibit 2.**

6.      Pursuant to the MSA, I executed a quitclaim deed transferring my interest in the Medicine Springs Ranch to Ms. Youren on February 28, 2001.

7.      A true and correct copy of the February 28, 2001, Quitclaim Deed to Debra Youren is attached to the Motion as **Exhibit 3.**

8.      On April 28, 2018, Ms. Youren sold Medicine Springs Ranch to Buster Alley.

9.      A true and correct copy of the April 2, 2018, Quitclaim Deed to Buster Alley, is attached hereto as **Exhibit 4.**

10.     Ms. Youren has failed to pay me any monies owed—representing my equity interest in the Medicine Springs Ranch—following Ms. Youren's sale of the Medicine Springs Ranch to Buster Alley.

_DUSTIN C. YOUREN_

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that on this date I caused to be served a true copy of the foregoing MOTION TO ENFORCE MARITAL SETTLEMENT AGREEMENT on all parties to this action by the method(s) indicated below:

———  by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Reno, Nevada, addressed to:

__XX__  DEBRA K. YOUREN
HC 61 Box 615
Wendover, UT 84083

———  by electronically filing the foregoing with the Clerk of the Court by using the electronic filing system which will send a notice of the electronic filing to the following:

———  by personal delivery/hand delivery addressed to:

———  by facsimile (fax) addressed to:

———  by Federal Express/UPS or other overnight delivery addressed to:

DATED:  This 16th day of May, 2022.

_____
An employee of Robison, Sharp,
Sullivan & Brust

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1

## EXHIBIT LIST

2

3

| Exhibit # | Description | Pages |
|-----------|-------------|-------|
| Exhibit "1" | Decree of Divorce | 4 |
| Exhibit "2" | Marital Settlement Agreement | 13 |
| Exhibit "3" | February 28, 2001, Quitclaim Deed to Debra Youren | 3 |
| Exhibit "4" | April 2, 2018, Quitclaim Deed to Buster Alley | 3 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

7

# EXHIBIT "1"

# EXHIBIT "1"

FILED COPY

Case No. _CV-0106089_  01 JUN -7 PM 3:47

DONNA M. SATH
WHITE PINE COUNTY CLERK

Dept. No. ____1____

BY _____
DEPUTY

IN THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF

NEVADA, IN AND FOR THE COUNTY OF WHITE PINE

* * * * *

DEBRA K. YOUREN,

        Plaintiff,

vs.

DUSTIN C. YOUREN,

        Defendant.

**DECREE OF DIVORCE**

    The above-entitled having been submitted to the above-entitled Court on the 7th day of June, 2001, the Plaintiff appearing in person by and through her attorney, GARY D. FAIRMAN, ESQ., A Professional Corporation, and the said Defendant having caused an Answer to be filed herein whereby Defendant consented that the matter be submitted to the Court, and the Court reviewed Plaintiff's verified Complaint, and the cause having been submitted, and the Court having duly considered all questions of law and fact arising herein and having been fully advised in the premises, and said Defendant, in said Answer and Consent, having waived the statutory time for the signing and filing of Findings of Fact and Conclusions of Law and Decree, and

-1-

judgment having been ordered for said Plaintiff;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the marriage between the Plaintiff, DEBRA K. YOUREN and the Defendant, DUSTIN C. YOUREN, be dissolved, and the same is hereby dissolved, and the said parties hereto are hereby restored to the status of single persons.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the written Property Settlement Agreement providing for the settlement of the property rights and the care, custody and support of the minor children of the parties be adopted, ratified, approved and confirmed, and shall become merged in this Decree, and shall survive the same and have an independent life of itself.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the parties have been advised of NRS 125.510(5), which provides as follows:

<u>PENALTY FOR VIOLATION OF ORDER:</u>  THE ABDUCTION, CONCEALMENT OR DETENTION OF A CHILD IN VIOLATION OF THIS ORDER IS PUNISHABLE AS A CATEGORY D FELONY AS PROVIDED IN NRS 193.130.  NRS 200.359 provides that every person having a limited right of custody to a child or any parent having no right of custody to the child who willfully detains, conceals or removes the child from a parent, guardian or other person having lawful custody or a right of visitation of the child in violation of an order of this court, or removes the child from the jurisdiction of the court without the consent of either the court or all persons who have the right to custody or visitation is subject to being punished by for a category D felony as provided in NRS 193.130.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the terms of Hague Convention of October 25, 1980, adopted by the

-2-

14th Session of the Hague Conference on Private International

Law, apply if a parent abducts or wrongfully retains a child in a

foreign country.

That pursuant to NRS 125B.055, the following

information has been submitted by the parties:

**Custodial Parent:**

| | |
|---|---|
| Name: | DEBRA K. YOUREN |
| Physical Address: | Pleasant Valley, Nevada |
| Mailing Address: | HC 61, Box 615 |
| | Wendover, Utah   84083 |
| Social Security No: | 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 |
| Date of Birth: | March 28, 1958 |
| Telephone Number: | (435) 693-3153 |
| Driver's License No: | 0301132246   State:   Unknown |
| Employer: | Eskdale Dairy |
| Business Address: | H00 Circle Drive |
| | Eskdale, Utah |
| Employer's Phone No: | (435) 855-2144 |

**Non-Custodial Parent:**

| | |
|---|---|
| Name: | DUSTIN YOUREN |
| Physical Address: | Unknown |
| Mailing Address: | General Delivery |
| | Jaffray, B.C.   Vobito |
| Social Security No: | 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 |
| Date of Birth: | May 26, 1957 |
| Telephone Number: | Unknown |
| Driver's License No: | 159866080   State:   Unknown |
| Employer: | Self |

**Children:**

| | |
|---|---|
| Name: | KIDD YOUREN |
| Date of Birth: | August 31, 1986 |
| Social Security No: | 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 |
| | |
| Name: | HARRY YOUREN |
| Date of Birth: | September 13, 1989 |
| Social Security No: | 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 |

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that

the Court reserve jurisdiction over the parties and minor

-3-

children herein to make such orders that are proper in the premises.

DONE IN OPEN COURT this _7th_ day of _June_,

2001.

/s/ Steve L. Dobrescu
DISTRICT JUDGE

Submitted by:

GARY D. FAIRMAN, ESQ.
A Professional Corporation
P.O. Box 5
Ely, Nevada  89301
State Bar No. 0210

GARY D. FAIRMAN, ESQ.

-4-

# EXHIBIT "2"

# EXHIBIT "2"

FILED

01 JUN -4 AM 11: 10

## AGREEMENT

THIS AGREEMENT, made and entered into this 10ᵗʰ day of
__Apr.1__, 2001, by and between DUSTIN C. YOUREN of White
Pine County, State of Nevada, hereinafter referred to as "Husband",
and DEBRA K. YOUREN of White Pine County, State of Nevada,
hereinafter referred to as "Wife",

W_I_T_N_E_S_S_E_T_H:

WHEREAS, the parties hereto are husband and wife by
virtue of marriage solemnized at Middleton, Idaho, on the 27th day
of August, 1985, and

WHEREAS, there two (2) minor children, the issue of said
marriage, to-wit: KIDD C. YOUREN, born August 31, 1986, and HARRY
K. YOUREN, born September 13, 1989, and

WHEREAS, differences have arisen between the said Husband
and the said Wife, and they no longer can continue together, and

WHEREAS, there is pending in the Seventh Judicial
District Court of the State of Nevada, in and for the County of
White Pine, an action for divorce brought by Wife against Husband,
and

WHEREAS, the parties desire and intend by this Agreement
to completely settle and adjust the rights, duties and obligations
existing between them by virtue of the legal relationship of
Husband and Wife, as well as all matters relating to child custody,
visitation, support and maintenance. The division of community
property as set forth hereinbelow is intended to be a non-taxable
transfer between spouses pursuant to Section 1041 of the Internal

-1-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET • P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

Revenue Code.

WHEREAS, it is the desire of the parties hereto that this Agreement be made and entered into for the purpose of removing, so far as is by law permissible, the subject matter hereof from the field of litigation;

NOW, THEREFORE, for and in consideration of the mutual promises stated herein, it is agreed as follows:

1.    That it is recognized and agreed between Husband and Wife that the best interest and future well being of the minor children is of paramount concern and as such, it is agreed that Husband and Wife shall have the joint legal, care, custody and control of the minor children, with the primary physical custody of the minor children be placed with Wife, subject to the right of reasonable visitation by Husband at all reasonable times and places upon giving prior notice thereof and in addition thereto, in the event that Husband and Wife cannot agree on a visitation schedule, the following schedule shall apply:

A.    Summer visitation commencing with the Summer of 2001, beginning two (2) days after the last day of school at 9:00 a.m., and ending five (5) days prior to the commencement of school at 7:00 p.m.

B.    That Husband and Wife shall each have unlimited telephone contact with the minor children at reasonable times and days.

-2-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET - P. O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET · P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

is subject to being punished for a category D Felony as provided in NRS 193.130.

6.    There shall be no support paid by Husband to Wife at this time because Husband and Wife envision an almost equal sharing of the physical custody of the minor children, and they will each support the children when in their respective physical custody. Husband and Wife agree that this fact constitutes a deviation from the child support formula found in NRS 125B.080 et. seq.

7.    Husband and Wife shall equally pay and discharge all health related bills incurred on behalf of the minor children. In the event that Husband or Wife has health insurance provided through their employer, at little or no expense, they shall place the minor children on their policy of health insurance and pay the premiums therefor. Any unreimbursed health related expenses shall be paid equally by Husband and Wife.

8.    Any unreimbursed health related expenses shall be submitted to the other party within fifteen (15) days of the receipt of the unpaid portion of the health expenses. The party so receiving the billing shall reimburse the party paying the bill within thirty (30) days of the receipt of the same.

9.    That beginning with the tax year 2001 and thereafter, Wife shall claim both minor children as and for an income tax exemptions.

10.    That Wife shall be awarded the following as her sole and separate property:

a.    Subject to the provisions as contained in Paragraph 12, the ranch known as Medicine

-4-

Springs Ranch consisting of three hundred twenty (320) acres of real property located in White Pine County, Nevada, and Juab County, Utah, together with all Bureau of Land Management (BLM) AUM's and water rights.

b.   Nevada Brand described as follows:

c.   The approximate sum of two hundred ninety (290) mother cows; eighteen (18) bulls; one hundred ten (110) yearlings; and eighty (80) older long yearlings.

d.   All horses, and horse related equipment, whether located at Medicine Springs Ranch, or in Jaffray, British Columbia, shall be equally shared by Husband and Wife.

e.   All vehicles in Wife's possession.

f.   All furniture, furnishings, and other fixtures located at the Medicine Springs Ranch.

g.   The proceeds, if any, from the current pending litigation in the U.S. District Court for the State of Utah, wherein Wife is the Plaintiff and the Utah State Board of Education and Tintic School District are Defendants.

h.   All personal belongings of Wife.

-5-

11.  Husband shall be awarded as his sole and separate property:

    a.  Hunting Lodge in Jaffray, British Columbia.

    b.  A 1993 Dodge Pickup Truck.

    c.  A 1999 Honda 4 Wheeler.

    d.  A 1986 Trail West Trailer.

    e.  All camping gear, hunting gear, trapping gear, and weapons in the possession of Husband.

    f.  All horses, and horse related equipment, whether located at Medicine Springs Ranch, or in Jaffray, British Columbia, shall be equally shared by Husband and Wife.

    g.  All personal belongings of Husband.

12.  Wife agrees that she shall not at any time sell, transfer, convey, or assign any interest in the Medicine Springs Ranch, including but not limited to, any of the real property, AUM's, and water rights, to any new husband in the event that Wife remarries.  Wife further agrees that Wife shall execute a Last Will and Testament and name as the beneficiaries of said ranch, real property, AUM's, water rights, and cattle, KIDD C. YOUREN, and HARRY K. YOUREN, in equal shares.  The provisions of this Paragraph shall not in any way limit Wife's ability to sell the ranch, and use the proceeds therefrom, or otherwise, interfere with her sole operation and management of Medicine Springs Ranch.

-6-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET - P. O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

In the event that Wife ever sells Medicine Springs Ranch, Husband and Wife agree that Husband's equity therein shall be fixed at the sum of One Hundred Ten Thousand Dollars ($110,000.00). Upon the sale of said ranch, Husband shall receive a lump sum payment only of One Hundred Ten Thousand Dollars ($110,000.00) for his interest in said ranch.

13.  Wife shall fully pay and discharge the following debt and hold Husband harmless therefrom:

    a.  Intermountain Farm Credit of Elko County, Nevada, in the approximate sum of Two Hundred Twenty Thousand Dollars ($220,000.00).

14.  Husband shall fully pay and discharge the following debt and hold Wife harmless therefrom:

    a.  To the vendors pursuant to the Gold Creek Guide & Outfitters Guiding Territory Sale of Territory Agreement, dated March 31, 2000, wherein Husband is the Purchaser pursuant to the terms thereof.

    b.  Capitol Education in the approximate sum of Five Hundred Dollars ($500.00), which Husband shall fully pay and discharge within sixty (60) days from the date of this Agreement.

15.  Wife shall provide to Husband a total sum of One Hundred Seventy (170) yearling cows as follows:

-7-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET · P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

| Year | Number of Head |
|------|----------------|
| 2002 | 20 |
| 2003 | 20 |
| 2004 | 20 |

2005 and thereafter until the sum of One Hundred Ten (110) yearlings are provided by Wife to Husband, Wife shall provide a minimum of ten (10) and up to a maximum of twenty (20) yearlings per year to Husband. Any yearlings provided by Wife to Husband between the number of ten (10) and twenty (20) shall be at Wife's sole discretion and shall be based upon the annual success of the calf crop.

16. That each of the parties hereby, except as herein otherwise provided, releases to the other any and all claims, right, title or interest, either vested or contingent, in and to any property, whether real, personal or mixed, and any rights in any property belonging to or acquired by the other, whether now owned or hereafter acquired, and regardless of the manner of such acquisition; each party is to hold, use and enjoy his or her property, real and personal, to the same extent and with the same rights that each would hold the same if the marital relation had never existed between them; each agrees that the other may freely and unrestrictedly sell, encumber, lease or dispose of

-8-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET · P.O. BOX 3
ELY, NEVADA, 89301
(775) 289-4422

his or her own property in any lawful manner, whether by gift, lease, deed or by last will and testament, and each is by this Agreement intended to be barred from any and all rights or claims whatsoever in and to any of the property, real or personal of the other.

17.   That neither of the parties hereto will contest any last will and testament of the other.   Each party hereto relinquishes, releases and quitclaims forever any and all rights or interests or claims in or to the other party's estate, or any part thereof, by succession or otherwise, in the event of his or her death, including rights to letters of administration thereon, except as otherwise hereinabove expressly provided.   This Agreement, however, shall not be construed to prevent either party under and by virtue of any Will or testamentary disposition of the other party from taking anything which is specifically left to such party.

18.   Except as otherwise stated herein, each of the parties hereto hereby releases the other from any and all claims for care, support and maintenance during their respective lives, and further releases each other from any and all claims that either may have against the other for curtsey, dower or community interest under any law now in force or hereafter enacted in any jurisdiction to which the parties or their property may be subject; also from any distributive share or allowance of any and every kind whatsoever that either may have, or at any time in the future may have, in the property or estate of the other under any law now in

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET • P. O. BOX S
ELY, NEVADA 89301
(775) 289-4422

-9-

force or hereafter enacted, that is in any way applicable to either of the parties or their estates. All rights herein specified and all similar rights that would otherwise be applicable to either of the parties under any laws now in force or hereinafter enacted are hereby surrendered and released, it being the intention of the parties that upon the death of either, the estate of the Decedent shall be settled and distributed as though no marital rights of the parties has heretofore existed.

19. Each of the parties shall execute promptly all documents and instruments now or hereafter necessary or convenient to vest the title and estates in them as herein provided and at any time, from time to time, shall execute all other instruments which may be necessary and proper to effectuate the purpose and intent of this Agreement. Notwithstanding the failure or refusal of either party to execute any such instrument, this Agreement shall constitute a complete transfer and conveyance of the properties herein designated as being transferred, conveyed or assigned by each party. Furthermore, Husband and Wife agree that a court of competent jurisdiction may have the clerk sign any necessary documents to affect transfer and vest titles and estates to this described property.

20. No waiver of the breach or of any of the terms or provisions of this Agreement shall be construed to be a waiver of any preceding or succeeding breach of the same or any other provisions hereof.

21. The parties consent to the jurisdiction of the

-10-

Seventh Judicial District Court of White Pine County, Nevada over all matters relating to the marriage, and dissolution hereof, of the parties as well as any issues regarding the minor children.

22. This Marital Settlement Agreement is premised upon a complete and absolute disclosure as part of both of the parties as to their respective assets and liabilities, both community property and separate property, and the parties represent and warrant one to the other that their respective understanding of the assets and liabilities existing, whether of a separate property or community property nature, have been fairly, freely and completely disclosed to the other party.

23. Husband warrants and represents to Wife, and Wife warrants and represents to Husband, that there are no other substantial assets of any kind or variety exist which are owned by either of them, whether of a community or separate property nature and that neither has any contingent interest in any other assets than as referenced herein, and that the disclosures hereinabove made are full, complete and absolute, and Husband and Wife have relied thereon in coming to a conclusion of the content of this Agreement and understanding reached on the division of the property of the parties, alimony, and all other matters arising out of the marriage of the parties.

24. Each party hereto acknowledges that each of them is making this Agreement of his or her own free will and volition, and acknowledges that no coercion, force, pressure or undue influence has been used against either party in the making of this Agreement,

-11-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
482 FIFTH STREET · P.O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

either by the other party to this Agreement or by any other person or persons.

25.  The following miscellaneous provisions apply to this Agreement:

(a)  If any portion of this Agreement be held, illegal, unenforceable, void, or voidable to by any court, each of the remaining terms shall nevertheless remain in full force and effect of the separate contract.

(b)  This Agreement shall be subject to and shall be interpreted under the laws of the State of Nevada.

(c)  This Agreement contains the entire Agreement of the parties on all matters covered herein, and all prior representations, negotiations, and warranties of the parties are merged herein.  This Agreement may be modified only by a written Agreement signed by both parties hereto, which make specific reference to this Agreement.

(d)  In the event either party shall refuse to perform their respective obligations under the terms of this Agreement, including the execution of documents and instruments or shall breach the terms of this Agreement, then in that event the other party may institute legal or equitable action, including specific performance, to compel such performance or enforce the terms of this Agreement, and the prevailing party in this legal or equitable proceeding shall be entitled to recover reasonable and necessary costs incurred, including attorneys' fees as determined by the

-12-

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
452 FIFTH STREET • P. O. BOX 5
ELY, NEVADA 89301
(775) 289-4422

court.

(e)   Husband and Wife each further agree that from and after the date of execution of this instrument, all income and earnings hereafter accruing to or received by the other, and all property of any kind or description whatsoever in any manner thereafter acquired by the other, whether out of such income or earnings or otherwise, shall be the separate property of the other, and each of them, as of the effective date, does hereby and forever release, relinquish, renounce and waive all right, title and interest in or claim to any and all such income, earnings or thereafter acquired property of the other.

(f)   The parties agree that each shall have the right to live separate and apart from the other, free of any interference or harassment.

(g)   This instrument may be executed in any number of counterparts, any one of which shall be deemed to be the original, although others are not produced.

26.   The parties hereby agree that this Agreement shall be provided to the Court for its signature and hereby request the Court to approve, ratify, confirm and adopt this Agreement, which Agreement shall become merged in such Decree, and shall survive said Decree.

27.   Each party acknowledges that they have read this Agreement and has had the same fully explained to him or her, and are fully aware of the contents and its legal effect.

-13-

28.  This Agreement shall be binding upon the heirs, executors, and/or administrators of the parties hereto.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands the day and year first above written.

_____
DUSTIN C. YOUREN, Husband

_____
DEBRA K. YOUREN, Wife

STATE OF Utah          )
                       ) ss.
COUNTY OF Millard      )

On March 12          , 2001, personally appeared before me, a Notary Public, DUSTIN C. YOUREN, who acknowledged that he executed the above instrument.

_____
NOTARY PUBLIC

NOTARY PUBLIC
JAY B. FINLINSON
20 E. Main • PO Box 842
Delta, Utah 84624
My Commission Expires
September 23, 2002
STATE OF UTAH

STATE OF NEVADA        )
                       ) ss.
COUNTY OF WHITE PINE   )

On April 10          , 2001, personally appeared before me, a Notary Public, DEBRA K. YOUREN, who acknowledged that she executed the above instrument.

_____
NOTARY PUBLIC.

NOTARY PUBLIC
JAY B. FINLINSON
20 E. Main • PO Box 842
Delta, Utah 84624
My Commission Expires
September 23, 2002
STATE OF UTAH

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
492 FIFTH STREET • P.O. BOX 5
ELY, NEVADA 89301
(775)289-4422

-14-

# EXHIBIT "3"

# EXHIBIT "3"

BOOK 337 PAGE 486

PARCEL NO. 8-570-04

QUITCLAIM DEED

THIS INDENTURE, made the 05th day of February,
2001, by and between DUSTIN C. YOUREN, the party of the first part,
and DEBRA K. YOUREN, the party of the second part;

W I T N E S S E T H:

That the party of the first part, in consideration of the
sum of Ten Dollars ($10.00), lawful money of the United States of
America, to him in hand paid by the party of the second part, and
other good and valuable considerations, the receipt whereof is
hereby acknowledged, does by these presents remise, release, and
forever QUITCLAIM unto the party of the second part and to her
heirs and assigns all of these certain lots, pieces and parcels of
land situate in the County of White Pine, State of Nevada, and
bounded and particularly described as follows, to-wit:

State of Nevada, County of White Pine,
Township 21 North, Range 70 East, M.D.B.&M.

Section 33:  Lot 4; SE1/4NW1/4
Section 27:  Lots 1 and 2; NE1/4NW1/4

Together with all water rights

TOGETHER WITH ALL AND SINGULAR, the tenements,
hereditaments and appurtenances thereunto belonging and in anywise
appertaining, and the reversion and reversions, remainder and
remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD, ALL AND SINGULAR, the said premises
together with the appurtenances, unto the said party of the second
part and to her heirs and assigns forever.

IN WITNESS WHEREOF, the party of the first part has
hereunto set his hand the day and year first above written.

Dustin C. Youren
DUSTIN C. YOUREN

-1-

stewart®
Copy of
Quitclaim on
White Pine
Property
RECEIVED ADMI
JUN 20 2009
INTERMOUNTAIN
FARM CREDIT



00224058 Bk 0424 Pg 0333

_Dustin C. Youren_
DUSTIN C. YOUREN

STATE OF Nevada )
                        ) ss.
COUNTY OF White Pine )

On this 28th day of February, 2001, personally appeared before me, a Notary Public in and for said County and State, DUSTIN C. YOUREN, known to me to be the person described in and who executed the foregoing Quitclaim Deed, who acknowledged that he executed the same freely and voluntarily and for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year last above written.



_Tobi A. Pimington_
NOTARY PUBLIC

<div style="writing-mode: vertical">
LAW OFFICES OF
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
484 FIFTH STREET / P.O. BOX 6
ELY, NEVADA 89301
(775) 289-4422
</div>

-2-

TOTAL P.06

00224058 Bk 0424 Pg 0332
CRAIG J. SPERRY, JUAB COUNTY RECORDER
2001 JUN 18 10:41 AM FEE $14.00 BY GPZ
FOR: FAIRMAN, GARY D, APC

## QUITCLAIM DEED

DUSTIN C. YOUREN, Grantor, of HC 61, Box 615, Wendover, Utah 84083, City of Wendover, County of Tooele, State of Utah, quitclaims to DEBRA K. YOUREN, of HC 61, Box 615, Wendover, Utah 84083, City of Wendover, County of Tooele, State of Utah, for the sum of Ten Dollars ($10.00), the following described tracts of land in the County of Juab, State of Utah:

The Southwest quarter of the Southeast quarter and the Southwest quarter of Section 30, Township 13 South, Range 19 West, Salt Lake Meridian.

Beginning at the Northwest corner of the Northeast quarter of the Southwest quarter of Section 30, Township 13 South, Range 19 West, Salt Lake Meridian, thence East along the mid-section line 523.35 feet to the East line of a county road, thence South 30°59' East 42.6 feet along the East line of said county road, thence North 69°35' East 626.58 feet, more or less, to the East line of property as deeded to "Harris" in Book 304, Page 385, thence South 182.06 feet along said line to the mid-section line, thence East 187.5 feet to the Northeast corner of the Northeast quarter of the Southwest quarter of said Section, thence South 1320 feet to the Southeast corner of the Northeast quarter of the Southwest quarter, thence West 1320 feet to the Southwest corner of the Northeast quarter of the Southwest quarter, thence North 1320 feet to the place of beginning.

Together with grazing privilege on Partoun Winter and Summer Allotment.

Together with all improvements thereon and anywise appertaining thereto.

Subject to easements, rights, restrictions, rights-of-way, conditions, covenants, currently of record or enforceable in law or equity and subject to current general property taxes.

WITNESS the hand of Grantor this 28 day of Feb , 2001.

LAW OFFICES
GARY D. FAIRMAN
A PROFESSIONAL CORPORATION
488 FIFTH STREET • P.O. BOX 8
ELY, NEVADA, 89301
(775) 289-4431

-1-

# EXHIBIT "4"

# EXHIBIT "4"

WHITE PINE COUNTY, NV **2018-379211**
Rec:$35.00
Total $35.00                    06/21/2018 01:41 PM
DEBRA YOUREN

APN: 008-570-04

0000081120180379211100030039

MARTHA RIVERA SINDELAR, RECORDER                E05
Pgs=3 CS

**PREPARED BY:**
Debra Youren
HC 61 Box 615
Wendover, UT 84083

**RECORDING REQUESTED BY**
**AND WHEN RECORDED MAIL TO:**
Buster Alley
5520 Spring Lane
Emmett, ID 83617

**MAIL TAX STATEMENTS TO:**
Buster Alley
5520 Spring Lane
Emmett, ID 83617

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

## QUITCLAIM DEED

**KNOW ALL MEN BY THESE PRESENTS THAT:**

THIS QUITCLAIM DEED, made and entered into on the _2nd_ day of _April_ , 20_18_ , between Debra Youren, an unmarried person, whose address is HC 61 Box 615, Wendover, Utah 84083 ("Grantor"), and Buster Alley, whose address is 5520 Spring Lane, Emmett, Idaho 83617 ("Grantee").

For and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Grantor hereby Remises, Releases, AND FOREVER Quitclaims to Grantee, the property located in White Pine County, Nevada, described as:

Lot 4, and the Southeast quarter of the Southwest quarter of Section 22, township 21 North, Range 70 east, M.D.B. and M and Lots 1, 2 and the Northeast quarter of the Northwest quarter of Section 27, Township 21 North, Range 70 east, M.D. B. and M. also all water and water rights appurtenant thereto, including an undivided one-third (1/3) interest in and to the use of the water of Henriod Spring, which waters have heretofore been used on the above described real property for irrigation and domestic purposes, also Cane Spring, . Together with grazing privileges on the East and West Mill Spring Allotment and the Indian George Allotment administered by the Bureau of Land management in Nevada and the Partoun Allotment administered by the Bureau of land Management in Utah.

Method of obtaining description: Recorder's Office

Quitclaim Deed                        Page 1 of 2

Being the same property conveyed in the County Register's Quitclaim Deed, Book 329, Page 406.

SUBJECT TO all, if any, valid easements, rights of way, covenants, conditions, reservations and restrictions of record.

Grantor grants all of the Grantor's rights, title and interest in and to all of the above described property and premises to the Grantee, and to the Grantee's heirs and assigns forever in fee simple, so that neither Grantor nor Grantor's heirs legal representatives or assigns shall have, claim, or demand any right or title to the property, premises, or appurtenances, or any part thereof.

Tax/Parcel ID Number: 008-570-04

IN WITNESS WHEREOF the Grantor has executed this deed on the _2nd_ day of _Apol_, 20 _18_.

_4 . 2 . 2018_
Date

_Debra Youren_, Grantor

State of _NV_
County of _White Pine_

This instrument was acknowledged before me on the _2nd_ day of _Apol_, 20 _18_ by Debra Youren.

Notary Public Signature

Title or Rank

JODI BRANNIS
NOTARY PUBLIC · STATE OF NEVADA
White Pine County · Nevada
CERTIFICATE # 50-0439-17
APPT. EXP. MAR. 4, 2019

Quitclaim Deed                    Page 2 of 2

# Document Details    ⟲ Back    ⟳ Forward    [Help?]

Return to Search    Return to Results

| | |
|---|---|
| **DOCUMENT NUMBER:** | **2018-379211** |
| **DOCUMENT TYPE:** | DEED |
| **RECORDING DATE:** | 6/21/2018 1:41:21 PM |
| **RECORDING FEES:** | $35.00 |
| **BOOK-PAGE:** | |
| **CONSIDERATION:** | $97,951 |
| **DESCRIPTION:** | |
| **INDEXED:** | Yes |
| **VERIFIED:** | Yes |
| **ARCHIVE DATA:** | View Additional Information |

## Return To

| NAME | ADDRESS | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| BUSTER ALLEY | 5520 SPRING LANE | | EMMETT | ID | 83617 |

## Parties

| PARTY TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| DIRECT | YOUREN | DEBRA | | |
| INDIRECT | ALLEY | BUSTER | | |

## Legal Descriptions

| APN# | LOT | BLOCK | SUBDIVISION/PARTITION/PLAT | SCT | TWN | RNG | MAP DOCUMENT NUMBER | MAP DOCUMENT NUMBER SUFFIX | MAP NUMBER | MAP TYPE | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 008-570-04 | 1;2;4 | | | 27 | 21N | 70E | | | | | 1/3 INTEREST IN WATER OF HENRIOD SPRING, SEE FOR DETAILS |

## The following documents are referenced in this document:

| DOCUMENT NUMBER | BOOK-PAGE | DOCUMENT TYPE |
|---|---|---|
| | | |

## The following documents make reference to this document:

| DOCUMENT NUMBER | BOOK-PAGE | DOCUMENT TYPE |
|---|---|---|
| | | |

[ Return To Search ]    [ Return To Results ]

EXHIBIT F

RECEIVED/LODGED

JUN 27 2024

WHITE PINE COUNTY CLERK
(SEVENTH) DISTRICT COURT

Michael E. Sullivan, Esq. #5142
**ROBISON, SHARP, SULLIVAN & BRUST**
71 Washington Street
Reno, Nevada 89503
Telephone:    (775) 329-3151
Facsimile:    (775) 329-7169
Email: msullivan@rssblaw.com
*Attorneys for Defendant Dustin C. Youren*



FILED

2024 JUL -9 A II: 35

NICHOLE STEPHEY
WHITE PINE COUNTY CLERK

BY: _____ DEPUTY

**IN THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

**IN AND FOR THE COUNTY OF WHITE PINE**

| | |
|---|---|
| DEBRA K. YOUREN, | Case No.:    CV-0106089 |
|         Plaintiff, | Dept. No.:    1 |
| vs. | |
| DUSTIN C. YOUREN, | |
|         Defendant. | |
| _____/ | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT (PROPOSED)**

On June 14, 2024, this Court conducted an Evidentiary Hearing on Defendant DUSTIN
C. YOUREN'S Motion to Enforce Marital Settlement Agreement which was filed on May 16,
2022. Defendant DUSTIN C. YOUREN was present with his attorney, MICHAEL E.
SULLIVAN, ESQ., of the law firm of ROBISON, SHARP, SULLIVAN & BRUST. Plaintiff,
DEBRA K. YOUREN was present and represented by her attorney, DEBRA AMENS, ESQ.

Mr. Youren testified that the parties were divorced in this Court on June 7, 2001. The
Court has taken judicial notice of the Decree of Divorce and the Marital Settlement Agreement
that was attached as Exhibit 2 to Mr. Youren's Motion to Enforce. Paragraph 12 of the Marital
Settlement Agreement provides:

> In the event that Wife (Ms. Youren) ever sells Medicine
> Springs Ranch, Husband (Mr. Youren) and Wife (Ms. Youren)
> Agree that Husband's (Mr. Youren) equity therein shall be
> fixed at the sum of One Hundred Ten Thousand and No/100

Dollars ($110,000.00). Upon the sale of said ranch, Husband (Mr. Youren) shall receive a lump sum payment only of One Hundred Ten and No/100 Dollars ($110,000) for interest in said ranch.

Mr. Youren testified (and Ms. Youren did not dispute) that on or about April 28, 2018, Ms. Youren transferred her interest in the Medicine Springs Ranch to her son, Buster Alley, for the sum of Two Hundred Fifty Thousand and No/100 Dollars ($250,000). Mr. Youren testified that he never received any payment or monies or other valuable consideration for his equity interest in the Medicine Springs Ranch after the property was sold to Mr. Youren's son.

Mr. Youren requested this Court to enter a Judgment for the sum of $110,000, interest at the legal rate, and his attorney's fees and costs.

Mr. Youren's counsel, attorney Michael E. Sullivan, Esq., has submitted a Verified Memorandum of Costs in the amount of $1,362.49, and a Declaration of Attorney's Fees in the amount of $31,757.50. The Declaration also included the basis for the attorney's fees and true and correct copies of the billing statements. The Court has reviewed the billing statements and Declaration in support of same.

Ms. Youren testified that she did not owe Mr. Youren the $110,000 she had agreed to in the Marital Settlement Agreement because she had transferred horses and provided payments on joint obligations and make significant purchases for Mr. Youren after the parties were divorced. Unfortunately, Ms. Youren did not provide any documents or other admissible evidence to substantiate her claim. Ms. Youren did not provide a signed amendment to the Marital Settlement Agreement.

Ms. Youren's testimony was not credible and her claim that she paid Mr. Youren in excess of $110,000 approximately 20 years ago was not believable because she did not have a legal obligation to pay Mr. Youren anything until such time as she sold the Medicine Springs Ranch. Ms. Youren never intended to sell the ranch. Ms. Youren testified that since selling the Medicine Springs Ranch to her son, Buster Alley, she has continued to reside on the ranch, save and except for the approximate four month period of time she spent in jail as a result of her

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

2

1    felony convictions in the State of Utah. The Court did not believe that Ms. Youren ever paid

2    any of Mr. Youren's personal debts after the divorce.

3        Additionally, the Court takes judicial notice that the Marital Settlement Agreement

4    attached to the Decree of Divorce specifically provides that the Marital Settlement Agreement

5    "may be modified only by written agreement signed by both parties hereto, which makes

6    specific reference to this agreement." Ms. Youren provided this Court with no evidence of a

7    written agreement signed by both parties that purports to modify the terms of the Marital

8    Settlement Agreement on the provision regarding the $110,000 obligation to Mr. Youren.

9        After carefully considering the testimony of Mr. Youren and Ms. Youren, all pleadings

10   and papers on file herein, and the arguments of counsel at the hearing, the Court makes the

11   following Findings of Fact, Conclusions of Law and enters its Judgment in favor of Defendant

12   DUSTIN C. YOUREN as follows:

### FINDINGS OF FACT

13   1.    Mr. and Mrs. Youren were divorced in this Court on June 7, 2001.

14   2.    Mr. and Mrs. Youren executed a Marital Settlement Agreement which was

15   attached and incorporated into the Decree of Divorce.

16   3.    Pursuant to the Marital Settlement Agreement, Mr. Youren executed a Quitclaim

17   Deed transferring his interest in the Medicine Springs Ranch to Ms. Youren on or about February

18   28, 2001.

19   4.    On April 28, 2018, Ms. Youren sold the Medicine Springs Ranch to her son,

20   Buster Alley, for the sum of $250,000.

21   5.    The Marital Settlement Agreement required Ms. Youren to pay Mr. Youren the

22   sum of One Hundred and Ten Thousand and No/100 Dollars ($110,000.00) if she were to sell the

23   Medicine Springs Ranch.

24   6.    Ms. Youren failed to pay Mr. Youren any money or provide any other

25   consideration for her obligation to Mr. Youren for the $110,000 obligation.

26   7.    Paragraph 25(c) of the Marital Settlement Agreement provides as follows:

27        This agreement contains the entire agreement of the parties on all

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1    matters covered herein, and all prior representations, negotiations,

2    and warranties of the parties are merged herein.  This agreement

3    may be modified only by a written agreement signed by both

4    parties hereto, which makes specific reference to this agreement."

5        Ms. Youren provided no admissible evidence that there was any subsequent agreement

6    reduced to writing and signed by both parties to modify her obligation to pay the sum of One

7    Hundred Ten Thousand and No/100 Dollars ($110,000) to Mr. Youren at the time the property

8    was sold.

9        8.    Paragraph 25(d) provides as follows:

10        "In the event either party shall refuse to perform their respective

11    obligations under the terms of this agreement, including the

12    execution of documents and   instruments, or shall breach the

13    terms of this agreement, then in that event, the other party may

14    institute legal or equitable action, including specific performance,

15    to compel such performance or enforce the terms of this

16    agreement, and the prevailing party in this legal or equitable

17    proceeding shall be entitled to recover reasonable and necessary

18    costs incurred, including attorney's fees, as determined by the Court.

19        9.    Michael E. Sullivan, Esq., on behalf of his client, Dustin C. Youren, filed a

20    Verified Memorandum of Costs in the amount of $1,362.49.

21        10.    Michael E. Sullivan, Esq., on behalf of his client, Dustin C. Youren, filed a

22    Declaration as to the attorney's fees incurred by Mr. Youren over the course of the past two years

23    in pursuing the relief sought in this action.

24        11.    The Court also ordered at the hearing that Mr. Youren shall be entitled to recover

25    interest at the legal rate commencing on the date of the sale of the Medicine Springs Ranch (April

26    28, 2018).  Counsel for Mr. Youren has filed his calculation of interest from that date to the

27    present.  The interest on the sum of $110,000 is $48,467.03 as of June 24, 2024.

28        12.    The Court is in receipt of the Verified Memorandum of Costs in the amount of

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

4

1   $1,362.49, the Declaration from Defendant's attorney, Michael E. Sullivan, Esq., regarding

2   attorney's fees in the amount of $31,757.50, and the Memorandum of Interest.

3        13.    In Nevada, the method upon which a reasonable fee is determined is subject to the

4   discretion of the Court, which is tempered only by reason and fairness.  See *Shuette v. Beazer*

5   *Homes Holdings Corp.*, 121 Nev. 837, 864 (2005).  The Court must consider the amount

6   requested in light of the factors articulated in *Brunzell v. Golden Gate National Bank*, 85 Nev.

7   345, 349 (1969).  Pursuant to the *Brunzell* factors, the Court must consider the following:

8        (a)    the qualities of the advocate: his ability, his training, education, experience,

9   professional standing and skill;

10        (b)    the character of the work to be done:  its difficulty, its intricacy, its importance,

11   time and skill required, the responsibility imposed and the prominence and character of

12   the parties where they affect the importance of the litigation;

13        (c )    the work actually performed by the lawyer: the skill, time and attention given to

14   the work;

15        (d)    the result:  whether the attorney was successful and what benefits were derived.

16   Under the *Brunzell* analysis, "no one factor or single element should predominate or be

17   given an undue weight." *Id.*

18   When awarding attorney's fees, the Court, "must explain how it came up with the amount.

19   The explanation need not be elaborate, but it must be comprehensible.  In other words, the District

20   Court should show its work and provide a concise but clear explanation of the reasoning behind

21   its award amount." See, *Las Vegas Review Journal v. Clark County Off. Of the Corner/Med.*

22   *Examiner*, 138 Nev. Adv. Op. 80 (2022) (internal quotations omitted).

23   The Declaration set forth by Michael E. Sullivan, Esq. complies with the *Brunzell* factors

24   in the consideration in determining the reasonable value of attorney's fees.  Mr. Sullivan states

25   that he has not raised his rate with his client and the Court finds that the $400 per hour charge by

26   both Mr. Sullivan and Ms. Sharp were fair, reasonable and necessary.  The Declaration of Mr.

27   Sullivan confirms that he is an AV Rated attorney by Martindale-Hubbel with more than 30 years

28   of experience.

14.     The legal work that was performed in this matter over the period of two years was detailed in Mr. Sullivan's billing statements and demonstrates that significant additional work had to be completed as a result of Ms. Youren's conduct throughout the litigation, including the bankruptcy filing that was dismissed by the Bankruptcy Court.

15.     The work that was actually performed included preparation of a successful motion for enforcement of a Decree of Divorce and Marital Settlement Agreement that was clearly breached by Ms. Youren.  The Court conducted an extensive evidentiary hearing, took evidence, and reviewed all of the documentation and evidence supplied by both parties.  As a result of the attorneys' work, the Defendant, Mr. Youren, obtained a successful judgment in his favor.

## CONCLUSIONS OF LAW AND JUDGMENT

1.     The Court finds as a matter of law that Defendant Dustin C. Youren has met his burden of demonstrating that Ms. Youren breached the Marital Settlement Agreement by not providing Mr. Youren the sum of One Hundred Ten Thousand and No/100 Dollars ($110,000.00) shortly after Ms. Youren sold the Medicine Springs Ranch for Two Hundred and Fifty Thousand and No/100 Dollars ($250,000.00) to her son, Buster Alley.

2.     The Court further finds that pursuant to the Marital Settlement Agreement, Mr. Youren is entitled to recover his reasonable attorney's fees and costs, as more particularly set forth above.

3.     The testimony of Mr. Youren was credible and accepted by this Court in establishing his damages.  The Court finds that the Verified Memorandum of Costs and the Declaration for Attorney's Fees submitted by Michael E. Sullivan, Esq., is consistent and has met the burden of proof under the *Brunzell* factors.  See, *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349 (1969).  The reasonableness of the attorneys' fees was justified in the amount of $31,757.50.

4.     Interest at the legal rate on the sum of $110,000 is $48,467.03 as of June 24, 2024.

Based upon the foregoing and good cause appearing,

IT IS HEREBY ORDERED that Defendant DUSTIN C. YOUREN is entitled to an award

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

6

and judgment in the amount of $110,000.00, plus statutory interest in the amount of $48,467.03,

plus reasonable attorneys' fees in the amount of $31,757.50 and costs in the amount of $1,362.49.

IT IS HEREBY ORDERED judgment to Defendant DUSTIN C. YOUREN as follows:

| | | |
|---|---|---|
| A. | Judgment of $110,000 | $110,000.00 |
| B. | Statutory interest through June 24, 2024 | $ 48,467.03 |
| C. | Attorney's fees: | $ 31,757.50 |
| D. | Costs: | $   1,362.49 |
| | **TOTAL JUDGMENT:** | **$ 191,587.02** |

IT IS SO ORDERED.

DATED this _9_ day of _July_, 2024.

_____
HONORABLE STEVEN DOBRESCUE
DISTRICT COURT JUDGE

Dated this _27th_ day of June, 2024.

Respectfully submitted by:

ROBISON, SHARP, SULLIVAN & BRUST

_____
MICHAEL E. SULLIVAN, ESQ.
71 Washington St.
Reno, NV 89503
Attorneys for Defendant

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of ROBISON, SHARP, SULLIVAN & BRUST, and that on this date I caused to be served a true copy of the attached document on all parties to this action by the method(s) indicated below:

_____ by placing true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Reno, Nevada, addressed to:

Debra Amens, Esq.
Amens Law, Ltd.
432 S. Broad Street
Battle Mountain, NV 89820

_____ by using the Court's Electronic Notification System addressed to:

_____ by personal delivery/hand delivery addressed to:

✓ by email addressed to: debra@amenslawfirm.com

_____ by Federal Express/UPS or other overnight delivery addressed to:

DATED this 27 day of June, 2024.

_____
Employee of Robison, Sharp, Sullivan & Brust

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1